**POLARIS INVESTMENT MANAGE-
MENT CORPORATION et al.,
Relators,**

v.

**The Honorable Amado ABASCAL,
Judge, Respondent.**

No. 94–1162.

Supreme Court of Texas.

Feb. 16, 1995.

PER CURIAM.

In this original proceeding, Polaris Investment Management Corporation and others ask this Court to reverse three trial court rulings. In the underlying action, approximately 2,700 plaintiffs and plaintiff-intervenors seek damages from Polaris and its co-defendant, Prudential Securities, Inc., resulting from the sale of certain limited partnerships. Polaris challenges the trial court's selection of the trial plaintiffs, its abatement of discovery, and the propriety of venue in Maverick County. The court of appeals overruled Polaris' motion for leave to file a petition for writ of mandamus; but in a concurring opinion, a justice of that court expressed dissatisfaction with both the trial court's rulings on incidental matters and the current Texas rules governing venue. 890 S.W.2d 486. Because a writ of mandamus is granted only in very narrow and extraordinary circumstances, which are not present here, and the power to make venue changes is purely statutory, we deny Polaris leave to file a petition for writ of mandamus.

Because of the large number of plaintiffs in this case, the trial court ordered that the claims of a small group of plaintiffs proceed in an initial separate trial. Polaris alleges that the first group of trial plaintiffs was handpicked by plaintiffs' counsel without participation by defendants or any scrutiny by the trial judge. However, even if the trial judge erroneously selected the trial plaintiffs, mandamus relief is still inappropriate. The selection of trial plaintiffs is an incidental ruling, and this Court has repeatedly declined to remedy such rulings by mandamus. *See Abor v. Black*, 695 S.W.2d 564, 566–67 (Tex.1985); *see also Walker v. Packer*, 827 S.W.2d 833, 840 n. 8 (Tex.1992); *Pope v. Ferguson*, 445 S.W.2d 950, 954 (Tex.1969), *cert. denied*, 397 U.S. 997, 90 S.Ct. 1138, 25 L.Ed.2d 405 (1970); *Iley v. Hughes*, 158 Tex. 362, 311 S.W.2d 648, 652 (1958). This Court will not abandon this well-settled principle to grant mandamus relief in the present case. To do so would severely impair the ability of trial judges to manage their dockets, and would require this Court to micromanage trials.

Similarly, Polaris' dissatisfaction with the trial court's discovery rulings cannot be

properly addressed in the context of a mandamus proceeding. Polaris invites this Court to review the trial judge's decision to restrict Polaris' discovery to only those plaintiffs initially set for trial. Because the record indicates that the trial court's abatement of discovery is not of such an egregious nature that it goes to the heart of Polaris' case, we must decline this invitation. *See Walker,* 827 S.W.2d at 842–43. The trial judge's ruling is incidental to the trial process and does not permanently deprive Polaris of substantial rights; therefore, it cannot serve as a basis for the extraordinary remedy of mandamus. *See also Canadian Helicopters Ltd. v. Wittig,* 876 S.W.2d 304, 306 (Tex.1994); *Hooks v. Fourth Court of Appeals,* 808 S.W.2d 56, 59–60 (Tex.1991).

 Finally, Polaris argues that venue in Maverick County is improper. While this Court shares many of the concerns about forum shopping expressed in the concurring opinion that accompanied the court of appeals' denial of leave to file, Texas law is quite clear that venue determinations are not reviewable by mandamus. *See, e.g., Bell Helicopter Textron, Inc. v. Walker,* 787 S.W.2d 954, 955 (Tex.1990). While Polaris can, of course, seek appellate review of the trial court's venue ruling by ordinary appeal, it argues that these are extraordinary circumstances that will result in harm that cannot be remedied through the ordinary appellate process. For this reason, Polaris invites this Court to reinterpret section 15.061 of the Texas Civil Practice and Remedies Code to prohibit what it characterizes as plaintiffs' "tag-along"-venue.[1] Again, we must decline.

Polaris has failed to cite any precedent, or make any reasoned argument, that section 15.061 prohibits the plaintiff-intervention in Maverick County. To the contrary, the plain wording of the statute would appear to permit the joinder of the additional claims. It is well settled that "when the Legislature has spoken on a subject, its determination is binding upon the courts unless the Legislature has exceeded its constitutional authority." *Public Util. Comm'n of Texas v. Cofer,* 754 S.W.2d 121, 124 (Tex.1988). Venue is a creature of legislative grace, and because a change of venue was unknown to the common law, the power to make venue changes is purely statutory. *See Buchanan v. Crow,* 241 S.W. 563, 565 (Tex.Civ.App.—Austin 1922, no writ). Accordingly, appellate review of trial court venue rulings is generally limited to a determination of whether the trial court ruling was faithful to the relevant venue statute. It is not within the province of this Court to reconstrue, rewrite, or contravene a venue statute when the intent of the Legislature is clear. *See generally Cofer,* 754 S.W.2d at 124; *Buchanan,* 241 S.W. at 565.

In the present case, the proper forum for dealing with the problems articulated in Polaris' petition and in the court of appeals' concurring opinion is the Texas Legislature. Accordingly, relators' motion for leave to file a petition for writ of mandamus is overruled.

---

1. Section 15.061 states:

   When two or more parties are joined as defendants in the same action or two or more claims or causes of action are properly joined in one action and the court has venue of an action or claim against any one defendant, the court also has venue of all claims or actions against all defendants. . . .