**In re the CITY OF IRVING, TEXAS and North Texas Municipal Water District.**

**No. 06–01–00048–CV.**

Court of Appeals of Texas, Texarkana.

Submitted May 9, 2001.

Decided May 10, 2001.

Douglas G. Caroom, Robert D. Thomas, Monique Norman, Bickerstaff Heath Smiley, et al., Austin, for relator.

W.T. Allison II, Sulphur Springs, Ronald J. Freeman, Austin, for real parties in interest.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

GRANT, Justice.

The City of Irving and the North Texas Municipal Water District have filed a petition asking this court to issue a writ of mandamus ordering a trial court to grant their motion to change venue from Hopkins County to Collin County.

In the underlying lawsuit, the Sulphur River Municipal Water District (hereafter SR) sought a declaratory judgment to quiet title and declare and determine title rights of SR to a constructive trust to water and water rights in the Lake Chapman Reservoir (partially located in Hopkins County). Specifically, SR asked the court to declare that it had properly exercised an option contract to obtain a specific quantity of water from the reservoir, and thus, had rights involving a real property interest in the water.

The case is set for trial on June 18, 2001.

Mandamus will not issue when there is a clear and adequate remedy at law, such as a regular appeal. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). Mandamus should issue only in situations involving manifest and urgent necessity and not for grievances where other remedies may apply. *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 684 (Tex.1989). The requirement that a person seeking mandamus relief establish the lack of an appellate remedy is a "fundamental tenet" of mandamus practice. *Walker,* 827 S.W.2d at 840; *Holloway,* 767 S.W.2d at 684.

Extraordinary circumstances do not exist when a trial court's ruling is merely incidental to the trial process and does not permanently deprive a party of substantial rights. *Polaris Inv. Mgmt. Corp. v. Abascal,* 892 S.W.2d 860, 862 (Tex. 1995); *Canadian Helicopters, Ltd. v. Wittig,* 876 S.W.2d 304, 306 (Tex.1994). This court lacks jurisdiction to issue writs of mandamus to supervise or correct incidental trial rulings when there is an adequate remedy by appeal. *Bell Helicopter Textron, Inc. v. Walker,* 787 S.W.2d 954, 955 (Tex.1990). Incidental rulings include venue determinations. *Bridgestone/Firestone, Inc. v. Thirteenth Court of Appeals,* 929 S.W.2d 440, 441 (Tex.1996); *see Montalvo v. Fourth Court of Appeals,* 917 S.W.2d 1, 2 (Tex.1995); *Polaris,* 892 S.W.2d at 862; *Bell Helicopter,* 787 S.W.2d at 955; *see also Pope v. Ferguson,* 445 S.W.2d 950, 954 (Tex.1969).

The Texas Supreme Court has also held, however, that an erroneous venue determination may result in a writ of mandamus if the waste of judicial resources is so great as to make the situation a truly exceptional circumstance. *In re Masonite Corp.,* 997 S.W.2d 194, 199 (Tex.1999).

However, the mere fact that a trial court's erroneous order will result in an eventual reversal on appeal does not mean that a trial will be a "waste of judicial resources" as the Court in *Walker* uses that term. *See also Canadian Helicopters, Ltd.,* 876 S.W.2d at 308 n. 11 (citing *Walker,* 827 S.W.2d at 843). To hold otherwise would mean that virtually any reversible error by a trial court would be a proper subject for mandamus review. *See Canadian Helicopters,* 876 S.W.2d at 308 n. 11. Such a result is inconsistent with the rule that mandamus is an extraordinary remedy to be used only in limited circumstances. *Id.*

Even though the present case may involve an important monetary question, that alone does not make this an "extraordinary circumstance." *See CSR, Ltd. v. Link,* 925 S.W.2d 591, 596 (Tex.1996). The concept of extraordinary circumstances does not apply to the amount of recovery or its importance to the parties, but to the waste of judicial resources.

Relator has not shown this court that it is probably entitled to the relief sought. The Petition for Writ of Mandamus is denied.