In re SHELL OIL COMPANY, Pennzoil–Quaker State Company, and Delta Distributors, Inc. f/k/a or d/b/a Delta Solvent.

No. 09–03–325–CV.

Court of Appeals of Texas, Beaumont.

Submitted Sept. 2, 2003.
Delivered Jan. 22, 2004.

B. Stephen Rice and Margaret T. Brenner, Hays, McConn, Rice & Pickering, PC, Houston, Mark E. Smith and Tom J. Stollenwerck, Touchstone, Bernays, Johnston, Beall, Smith & Stollenwerck, LLP, Dallas, for relators.

Glen W. Morgan and Richard J. Clarkson, Beaumont, for real party in interest.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

In this original proceeding, the relators, Shell Oil Company, Pennzoil–Quaker State Company, and Delta Distributors, Inc. f/k/a or d/b/a Delta Solvent, petition for a writ of mandamus to transfer venue of a suit from Jefferson County to Harris County. We conditionally grant relief.

The original petition filed by William L. Simpson and Eva Simpson in Orange County in July 1999, alleged that William Simpson developed chronic lymphocytic leukemia as the result of occupational exposure to benzene placed into the stream of commerce by the defendants. Shell Oil Company filed a motion to transfer venue to Harris County, its principal place of business. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.002 (Vernon 2002). The remaining defendants also moved to transfer venue to Harris County. Although the Orange County suit had already been filed, the Simpsons filed the instant suit, Cause No. B–162,024, in Jefferson County in December 1999. The Simpsons did not obtain service on the defendants when they filed the Jefferson County suit, but they requested a consolidation of the two suits in a March 2000 response to the motion to transfer venue. On June 20, 2000, the judge of the 128th District Court of Orange County transferred the case to the 280th District Court of Harris County. The Simpsons filed a motion to non-suit the Harris County litigation. Finding that the Simpsons had not obtained service on the Jefferson County suit for over a year after its filing, and observing that, barring a successful appeal, venue had been conclusively established in Harris County, the 280th District Court denied the motion for non-suit. The First Court of Appeals granted the Simpsons' petition for writ of mandamus to compel the 280th District Court's dismissal of the Harris County

litigation. *In re Simpson*, No. 01–01–00138–CV, 2002 WL 27745, 2002 Tex.App. LEXIS 160 (Tex.App.-Houston [1st Dist.] Jan. 10, 2002, orig. proceeding [mand. denied])(not designated for publication). The 280th District Court reinstated the case, and on February 18, 2002,[1] granted the Simpsons' motion for non-suit of the Harris County litigation. The relators filed a petition for writ of mandamus with the Supreme Court; that petition was denied on October 10, 2002. *See In re Shell Oil Co.*, No. 02–0134 (Tex. Oct. 10, 2002) (not designated for publication). An order granting a second motion for non-suit was signed by the 280th District Court on February 14, 2003. The relators filed motions to transfer venue from Jefferson County to Harris County. The trial court denied the motion.

■ The relators contend that the venue determination for this suit was made by the 128th District Court on June 20, 2000, and the trial court could not in its discretion order that the suit remain in Jefferson County. We agree. If an action has been transferred to a proper county in response to a motion to transfer, then no further motions to transfer shall be considered. Tex.R. Civ. P. 87.5. The correctness of an order transferring venue may be challenged on appeal from the trial on the merits. Tex. Civ. Prac. & Rem.Code Ann. § 15.064 (Vernon 2002). Venue of any subsequent suit involving the same subject matter and the same parties as the initial suit is governed by the venue determination in the initial suit. *Miller v. State and County Mut. Fire Ins. Co.*, 1 S.W.3d 709, 713 (Tex.App.-Fort Worth 1999, pet. denied). Once the Orange County Court ruled on the motion to transfer venue, Rule 87.5 precluded any rehearing of that ruling on the trial court level. Tex.R. Civ. P. 87.5. That ruling could be challenged

on appeal following trial on the merits, but the trial court did not have the discretion to make a new judicial determination of venue. The Simpsons non-suited after the case had been transferred to Harris County. Therefore, they are bound not only by the venue facts alleged in the motions to transfer filed in Orange County, but also by the June 20, 2000, order transferring venue.

■ Although mandamus is not available to review the propriety of venue in the county of suit in cases outside the ambit of Section 15.0642, Civil Practice and Remedies Code, it is properly employed to correct improper venue procedure. *In re Missouri Pacific R.R. Co.*, 998 S.W.2d 212, 215 n. 18 (Tex.1999); *In re Masonite Corp.*, 997 S.W.2d 194, 198 (Tex.1999); *HCA Health Serv. of Texas, Inc. v. Salinas*, 838 S.W.2d 246, 248 (Tex.1992); *Union Carbide Corp. v. Moye*, 798 S.W.2d 792, 793 (Tex.1990); *Henderson v. O'Neill*, 797 S.W.2d 905 (Tex.1990); *compare* Tex. Civ. Prac. & Rem.Code Ann. § 15.0642 (Vernon 2002). The trial court's refusal of the motion to transfer the suit to the previously determined county of venue presents exceptional circumstances. In exceptional circumstances—such as when a trial judge makes no attempt to follow Rule 87 and acknowledges deviation from required procedure—mandamus will issue to correct improper venue procedure. *See e.g. Henderson v. O'Neill*, 797 S.W.2d at 905; *Dorchester Master Ltd. Partnership v. Anthony*, 734 S.W.2d 151 (Tex.App.-Houston [1st Dist.] 1987, orig. proceeding); and *see e.g. Stephens v. Culver*, 1996 WL 404037, 1996 Tex.App. LEXIS 3048 (Tex.App.-Houston [1st Dist.] 1996)(not designated for publication)(mandamus proper to vacate second venue order prohibited by Rule 87(5)). In *Henderson v. O'Neill*, the

---

**1.** The order bears a 2000 date, but was actually signed in 2002.

Texas Supreme Court held mandamus was appropriate to enforce the Rule 87 notice requirement in a venue proceeding, explaining "[t]he record indicates that the trial court made no attempt to follow the applicable rule and, in fact, acknowledged its deviation from the required procedure." 797 S.W.2d at 905. The Court did not discuss the adequacy of the legal remedy given those circumstances. And in *Dorchester Master Ltd. Partnership v. Anthony*, 734 S.W.2d at 152, the appellate court held mandamus was proper to enforce the Rule 87(5) prohibition against a second venue determination. There, as here, the trial judge violated Rule 87 by making a second venue determination contrary to another judge's venue order. The appellate court ordered the trial court to vacate the second order. *Id.*

The trial court here has clearly violated the required procedure for venue determination, and refused to enforce the prior venue order of another judge. If a trial court circumvents the venue-determination procedure by permitting a party to file multiple suits and selectively non-suit, then the carefully crafted venue procedure is unenforceable and ineffectual.

Accordingly, we conditionally grant writ of mandamus directing the trial court to sustain the relators' motion to transfer the case to Harris County. The writ will not issue unless the trial court fails to act in accordance with this opinion.

WRIT CONDITIONALLY GRANTED.

DON BURGESS, Justice.

## DISSENTING OPINION

I respectfully dissent. The seminal case on this issue is *In re Masonite Corp.*, 997 S.W.2d 194 (Tex.1999). *Masonite* was a 5–4 decision authored by Justice Enoch. Justice Enoch acknowledged:

Our mandamus standards are well-established. Mandamus is an extraordinary remedy available only when there is an abuse of discretion and no adequate appellate remedy. [*See Walker v. Packer*, 827 S.W.2d 833 (Tex.1992).] Generally, an appellate remedy is adequate even though it involves delay and more expense than obtaining an extraordinary writ. [*See id.* at 842; *see also CSR Ltd. v. Link*, 925 S.W.2d 591, 597 (Tex.1996).] Accordingly, venue determinations as a rule are not reviewable by mandamus. [*See Polaris Inv. Mgmt. Corp. v. Abascal*, 892 S.W.2d 860, 862 (Tex.1995); *Bell Helicopter Textron, Inc. v. Walker*, 787 S.W.2d 954, 955 (Tex.1990).]

997 S.W.2d at 197. But Justice Enoch went on to state:

But on rare occasions an appellate remedy, generally adequate, may become inadequate because the circumstances are exceptional. [*See, e.g., CSR*, 925 S.W.2d at 596–97; *National Indus. Sand Ass'n v. Gibson*, 897 S.W.2d 769, 776 (Tex.1995).] Specifically, a trial court's action can be " 'with such disregard for guiding principles of law that the harm ... becomes irreparable.' " [*National Indus. Sand*, 897 S.W.2d at 771 (quoting *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 308 (Tex. 1994)); *see also Deloitte & Touche, LLP v. Fourteenth Court of Appeals*, 951 S.W.2d 394, 398 (Tex.1997).] That is the case here.

*Id.*

Justice Enoch explained the majority's rationale this way:

In any event, Masonite argues that this case presents "exceptional circumstances" that make appeal an inadequate remedy. We agree.

Here, the trial court effectively treated the nonresident plaintiffs' motions to

sever as motions to transfer venue and granted them. The trial court's actions showed " 'such disregard for guiding principles of law that the harm ... is irreparable.' " [*National Indus. Sand*, 897 S.W.2d at 771 (quoting *Canadian Helicopters*, 876 S.W.2d at 308).] The effect of the trial court's disregard for the parties' pleadings, the facts, and the law is that the claims of hundreds of plaintiffs, instead of being tried in a proper forum, are now being tried in multiple improper forums—all trials with automatic reversible error. There is no reason for the resources of Texas courts and the parties to be so strained. [*See CSR*, 925 S.W.2d at 596 ("The most efficient use of the state's judicial resources is [a] factor we consider in determining whether an ordinary appeal would provide an adequate remedy.").]

Contrary to the dissent's charge, we do not retreat from *Walker v. Packer's* requirement that there be no adequate appellate remedy before mandamus will issue. [*See* 997 S.W.2d at 200 (Baker, J., dissenting).] The dissent views this requirement as inflexible, focusing exclusively on whether the parties alone have an adequate appellate remedy. But *Walker* does not require us to turn a blind eye to blatant injustice nor does it mandate that we be an accomplice to sixteen trials that will amount to little more than a fiction. Appeal may be adequate for a particular party, but it is no remedy at all for the irreversible waste of judicial and public resources that would be required here if mandamus does not issue.

Nor is our holding today "directly contrary to *Canadian Helicopters*." [*See* 997 S.W.2d at 197 (Baker, J., dissenting) (citing *Canadian Helicopters*, 876 S.W.2d at 308 n. 11).] There we stated that the mere fact that a trial court has committed reversible error is not sufficient by itself to warrant mandamus relief. [*See Canadian Helicopters*, 876 S.W.2d at 308 n. 11.] But we also noted that "truly extraordinary circumstances" might exist that would render an appellate remedy inadequate. [*Id.* at 309.] This case is different from the ordinary situation where a trial court erroneously denies a venue transfer motion. That situation involves only the resources of the errant trial court and the parties that remain. And in that case, even though the trial court has committed reversible error, we will not issue mandamus. [*See Polaris*, 892 S.W.2d at 862; *Bell Helicopter*, 787 S.W.2d at 955.] But here the trial court has wrongfully burdened fourteen other courts in fourteen other counties, hundreds of potential jurors in those counties, and thousands of taxpayer dollars in those counties. These are "exceptional circumstances" warranting mandamus relief. [*See CSR*, 925 S.W.2d at 596–97; *Canadian Helicopters*, 876 S.W.2d at 308–09.]

The dissent in *Masonite* agreed the trial court abused its discretion, but believed (1) there was an adequate appellate remedy, (2) public policy through legislative mandate did not allow mandamus and (3) stare decisis would not allow mandamus relief. 997 S.W.2d at 200–02. My analysis of *Masonite* leads me to but one conclusion: the "exceptional circumstances" warranting mandamus relief was the trial court had wrongfully burdened fourteen other courts in fourteen other counties, hundreds of potential jurors in those counties, and thousands of taxpayer dollars in those counties. In this case, the "exceptional circumstances" found by the majority was "[t]he trial court's refusal of the motion to transfer the suit to the previously determined county of venue...." This does not rise to the level envisioned by *Masonite*.

A unanimous court, in a later case, *In re Missouri Pacific R. Co.*, 998 S.W.2d 212, 215 (Tex.1999) restated the general principals:

We have repeatedly denied mandamus to review the merits of a venue decision because we considered it an incidental trial ruling correctable by appeal. [*See, e.g., Bridgestone/Firestone, Inc. v. Thirteenth Court of Appeals*, 929 S.W.2d 440, 441 (Tex.1996); *Montalvo v. Fourth Court of Appeals*, 917 S.W.2d 1, 2 (Tex. 1995); *Pope v. Ferguson*, 445 S.W.2d 950, 954 (Tex.1969).] Before 1983, venue rulings were immediately correctable by interlocutory appeal under the former plea of privilege practice. [*See* TEX. REV. CIV. STAT. art.2008, *repealed by* Act of June 17, 1983, 68th Leg., R.S., ch. 385, § 2, 1983 TEX. GEN. LAWS 2124.] In 1983, the Legislature replaced interlocutory venue appeals with the rule that in an ordinary post-trial appeal, improper venue is not subject to harmless error analysis, virtually guaranteeing reversal. [*See* TEX. CIV. PRAC. & REM. CODE § 15.064.]

We have held that an appeal is inadequate to remedy an erroneous venue decision in only one instance—mandatory transfer in a suit involving the parent-child relationship. [*See Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex.1987).] In *Proffer v. Yates*, we reasoned that the need to expeditiously resolve custody and support issues makes ordinary appeal inadequate. [*See id.*] Outside of suits involving the parent-child relationship, our Court has steadfastly declined to review by mandamus whether venue was proper in the county of suit under the venue statutes. [On rare occasion we have issued mandamus to correct improper venue procedure but not to review the propriety of venue in the county of suit. *See, e.g., In re Masonite*, 997 S.W.2d 194 (Tex.1999); *HCA Health

Serv., Inc. v. Salinas*, 838 S.W.2d 246, 248 (Tex.1992); *Union Carbide Corp. v. Moye*, 798 S.W.2d 792, 793 (Tex.1990); *Henderson v. O'Neill*, 797 S.W.2d 905, 905 (Tex.1990).]

It is this last footnote where the majority characterizes the *Masonite* holding as one involving procedure rather than substance that even further distances the *Masonite* majority.

Recent Courts of Appeal Decisions

Several courts have considered this situation: a wrongful venue determination involving one court.

In *In re Smart*, 103 S.W.3d 515, 521 (Tex.App.-San Antonio 2003, orig. proceeding) the court stated:

In reviewing the trial court's determination of the law, we are not as deferential [as] to its decisions regarding facts. *See Walker*, 827 S.W.2d at 840. A trial court has no discretion to misinterpret the law or misapply the law. *See id.* Thus, a clear failure to analyze the law or apply the law correctly constitutes an abuse of discretion. *See id.* In the instant matter, respondent misapplied the law regarding a legislative continuance. Accordingly, respondent abused his discretion.

While we may agree that respondent abused his discretion in granting the legislative continuance, we cannot grant Smart's petition. Smart must show that she does not have an adequate remedy at law. *In re Union Pac. Res. Co.*, 969 S.W.2d at 428–29. An appellate remedy is not inadequate merely because it involves more expense or delay than a writ of mandamus. *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex.1999). Smart fails to argue or show that she has no adequate remedy at law. The instant matter can be compared to a

party who has been adversely affected by an ordinary continuance. Respondent's decision to continue the proceedings, although erroneously based, amounts to no more than mere delay. Smart can complain of the trial court's error on appeal. Accordingly, we overrule Smart's second issue and deny the petition.

The court in *In re Mendoza,* 83 S.W.3d 233, 236 (Tex.App.-Corpus Christi 2002, orig. proceeding) opined:

> Relators assert that mandamus is appropriate in this case because venue is mandatory in Hidalgo County. However, relators do not cite us to any mandatory venue provision; rather, they argue that venue is mandatory in Hidalgo County, as to the parties herein, by virtue of the Hidalgo County court's denial of Central's and Nixon's motion to transfer venue. Relators argue that because there can be no re-hearing of the Hidalgo County court's venue determination, venue is mandatory in Hidalgo County. *See* TEX. R. CIV. P. 87. We disagree.
>
> Section 15.0642 of the civil practice and remedies code provides that mandamus is appropriate only to "enforce the mandatory provisions of ... chapter [15]." TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642 (Vernon Supp. 2002). Relators do not contend that venue is mandatory in Hidalgo County under any provision of chapter 15. Moreover, relators, in their motion to transfer venue filed in Wharton County, did not reference any mandatory venue provision in support of their motion. Accordingly, we hold that respondent's ruling on relators' motion to transfer venue may not be reviewed by mandamus.

The court in *Texas Enterprises, Inc. v. Arnold Oil Co.,* 59 S.W.3d 244, 250–251 (Tex.App.-San Antonio 2001, orig. proceeding) stated:

> In any event, "venue determinations as a rule are not reviewable by mandamus." *In re Masonite Corp.,* 997 S.W.2d 194, 197 (Tex.1999). This rule continues to be applicable to the ordinary situation where a trial court erroneously denies a venue transfer motion, potentially wasting the resources of the errant trial court and the parties that remain. *See id.* at 199. The only exception to this rule is a situation involving truly extraordinary circumstances such as where the trial court's ruling wrongfully burdens "fourteen other courts in fourteen other counties, hundreds of potential jurors in those counties, and thousands of taxpayer dollars in those counties." *Id.* This case involves an ordinary situation not exceptional circumstances; therefore, Golden West has an adequate remedy by appeal with regard to the venue ruling.

*In re City of Irving, Tex.,* 45 S.W.3d 777 (Tex.App.-Texarkana 2001, orig. proceeding) discussed the issue at length:

> Extraordinary circumstances do not exist when a trial court's ruling is merely incidental to the trial process and does not permanently deprive a party of substantial rights. *Polaris Inv. Mgmt. Corp. v. Abascal,* 892 S.W.2d 860, 862 (Tex.1995); *Canadian Helicopters, Ltd. v. Wittig,* 876 S.W.2d 304, 306 (Tex. 1994). This court lacks jurisdiction to issue writs of mandamus to supervise or correct incidental trial rulings when there is an adequate remedy by appeal. *Bell Helicopter Textron, Inc. v. Walker,* 787 S.W.2d 954, 955 (Tex.1990). Incidental rulings include venue determinations. *Bridgestone/Firestone, Inc. v. Thirteenth Court of Appeals,* 929 S.W.2d 440, 441 (Tex.1996); *see Montalvo v. Fourth Court of Appeals,* 917 S.W.2d 1,

2 (Tex.1995); *Polaris,* 892 S.W.2d at 862; *Bell Helicopter,* 787 S.W.2d at 955; *see also Pope v. Ferguson,* 445 S.W.2d 950, 954 (Tex.1969).

The Texas Supreme Court has also held, however, that an erroneous venue determination may result in a writ of mandamus if the waste of judicial resources is so great as to make the situation a truly exceptional circumstance. *In re Masonite Corp.,* 997 S.W.2d 194, 199 (Tex.1999).

However, the mere fact that a trial court's erroneous order will result in an eventual reversal on appeal does not mean that a trial will be a "waste of judicial resources" as the Court in Walker uses that term. *See also Canadian Helicopters, Ltd.,* 876 S.W.2d at 308 n. 11 (citing *Walker,* 827 S.W.2d at 843). To hold otherwise would mean that virtually any reversible error by a trial court would be a proper subject for mandamus review. *See Canadian Helicopters,* 876 S.W.2d at 308 n. 11. Such a result is inconsistent with the rule that mandamus is an extraordinary remedy to be used only in limited circumstances. *Id.*

Even though the present case may involve an important monetary question, that alone does not make this an "extraordinary circumstance." *See CSR, Ltd. v. Link,* 925 S.W.2d 591, 596 (Tex. 1996). The concept of extraordinary circumstances does not apply to the amount of recovery or its importance to the parties, but to the waste of judicial resources.

Relator has not shown this court that it is probably entitled to the relief sought. . . .

45 S.W.3d at 779.

### Summary

Let us be clear what the issue is here— the propriety of the Jefferson County District Court's overruling of Shell's motion to transfer venue to Harris County. The issue is not the correctness of the ruling, nor the correctness of the Orange County determination. If mandamus does not issue, the Jefferson County ruling can be reviewed in an ordinary appeal. While I do not concede the Jefferson County judge erred, even if he did, mandamus does not lie; one erroneous ruling, even a clearly erroneous one, which results in an erroneous trial and ultimate reversal does not establish "exceptional circumstances" as our Supreme Court has enunciated them. The Supreme Court may very well modify or enlarge its concept of "exceptional circumstances", but the majority should defer to our "Colleagues on the Colorado" rather than undertaking a "judicial activist" approach and finding "exceptional circumstances." I would follow the Supreme Court precedent and recognize the decisions of our sister courts of appeals. Because the majority leads this court into error, I respectfully, dissent.