In re TEAM ROCKET, L.P., MLF
Airframes, Inc., and Mark L.
Frederick, Relators.

No. 06–0414.

Supreme Court of Texas.

Argued Feb. 15, 2007.

Decided May 23, 2008.

Robert C. McCreary, Law Offices of Lou McCreary, Austin, Cynthia T. Sheppard, Cuero, Mahon B. Garry Jr., Wright & Greenhill, Austin, TX, for Relator.

Gary L. Evans, George Andrew Coats, Coats & Evans, The Woodlands, TX, for Real Party In Interest.

Justice GREEN delivered the opinion of the Court.

In this case, we decide whether a plaintiff who was denied his initial venue of choice can nonsuit his case in the transferee county and refile in a third county. We hold that a plaintiff cannot avoid a venue ruling in such a way. Because the trial court in the third county refused to enforce the prior order setting venue in the transferee county, we conditionally grant the writ of mandamus.

## I

Thomas Creekmore died when the airplane he was flying crashed in Fort Bend County. His family brought negligence, strict liability, survival, and wrongful death claims in Harris County against Team Rocket, L.P., MLF Airframes, Inc., and Mark L. Frederick (collectively, Team Rocket), related to Team Rocket's manufacture and sale of the plane kit that Creekmore had purchased. Team Rocket

moved to transfer venue, arguing that venue was improper in Harris County because they did not deliver the kit parts to Creekmore's residence there. The Harris County trial court agreed and transferred the case to Williamson County, Team Rocket's principal place of business and the residence of its representative. After the transfer, the Creekmores voluntarily nonsuited the case and immediately refiled the same claims against the same defendants in Fort Bend County. Team Rocket moved to transfer venue to Williamson County based on the Harris County trial court's prior venue order and the doctrine of collateral estoppel. The Fort Bend County trial court denied the motion. Team Rocket then sought mandamus relief in the court of appeals, which denied the petition. 256 S.W.3d 314, 2006 WL 1071213 (Tex.App.-Houston [14th Dist.] 2006).

## II

■ We grant the extraordinary relief of mandamus only when the trial court has clearly abused its discretion and the relator lacks an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–40 (Tex.2004) (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992)). In this case, Team Rocket argues that they are entitled to mandamus relief because collateral estoppel bars reconsideration of the Harris County trial court's final venue ruling, and because the Fort Bend County trial court's refusal to transfer the case back to Williamson County violated Texas Rule of Civil Procedure 87(5). Team Rocket also argues that, rather than requiring the parties to proceed to trial following an erroneous venue ruling, exceptional circumstances exist to justify granting mandamus relief. The Creekmores contend that they had an absolute right to nonsuit their case and refile in Fort Bend County.

### A

■ A plaintiff may nonsuit his case at any time prior to the close of the plaintiff's pre-rebuttal evidence. TEX. R. CIV. P. 162. "Subject to certain conditions, a plaintiff who takes a nonsuit is not precluded from filing a subsequent suit seeking the same relief." *Aetna Cas. & Sur. Co. v. Specia*, 849 S.W.2d 805, 806 (Tex. 1993). The issue in this case is whether that general rule allows a plaintiff to use the procedural vehicle of nonsuiting a case to avoid unfavorable venue rulings.

■ The plaintiff gets the first choice of venue by filing suit. *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex.1999). The defendant, however, may challenge that venue selection, and a court must "transfer an action to another county of proper venue if ... the county in which the action is pending is not a proper county." TEX. CIV. PRAC. & REM.CODE § 15.063(1); *see* TEX.R. CIV. P. 87 (procedures for filing motions to transfer venue). In this case, the Creekmores initially filed suit in Harris County, their county of residence. Team Rocket challenged venue, asserting that the defendants did not reside there and that a substantial portion of the events giving rise to the cause of action did not occur there. *See* TEX. CIV. PRAC. & REM.CODE § 15.002(a)(1)-(2). The Harris County trial court determined that Harris County was not a proper venue, but that venue was proper in Williamson County.

■ Team Rocket argues that only one venue determination may be made in a proceeding and that Texas Rule of Civil Procedure 87 specifically prohibits changes in venue after the initial venue ruling. We agree. Once a trial court has ruled on proper venue, that decision cannot be the subject of interlocutory appeal. *Id.*

§ 15.064(a) ("No interlocutory appeal shall lie from the determination."); Tex.R. Civ. P. 87(6) ("There shall be no interlocutory appeals from such determination."). Moreover, Rule 87 states that "if an action has been transferred to a proper county in response to a motion to transfer, then no further motions to transfer shall be considered." Tex.R. Civ. P. 87(5). Although a trial court's ruling transferring venue is interlocutory for the parties, and thus not subject to immediate appeal, the order is final for the transferring court as long as it is not altered within the court's thirty-day plenary jurisdiction. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex.2000) (per curiam). Once a ruling is made on the merits, as in a summary judgment, that decision becomes final as to that issue and cannot be vitiated by nonsuiting and refiling the case. *See Hyundai Motor Co. v. Alvarado*, 892 S.W.2d 853, 855 (Tex. 1995) (per curiam) ("A nonsuit sought after [a partial summary judgment] results in a dismissal with prejudice as to the issues pronounced in favor of the defendant."). This concept is rooted in the long-standing and fundamental judicial doctrines of res judicata and collateral estoppel, which "promote judicial efficiency, protect parties from multiple lawsuits, and prevent inconsistent judgments by precluding the relitigation" of matters that have already been decided or could have been litigated in a prior suit. *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex.1994); *accord Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex.2007). Just as a decision on the merits cannot be circumvented by nonsuiting and refiling the case, a final determination fixing venue in a particular county must likewise be protected from relitigation. *Cf. Wichita Falls & S. R.R. Co. v. McDonald*, 141 Tex. 555, 174 S.W.2d 951, 952–53 (1943) ("[A] ruling on a plea of privilege is treated as final in so far as it disposes of the issue as

to the venue of the case.... [A]n interlocutory order of court overruling a plea of privilege shall become final in so far as the venue question is concerned, within the same time and under the same circumstances that a judgment on the merits of the case would become final.").

Reading Section 15.064 of the Texas Civil Practice and Remedies Code and Rule 87 together, we conclude that once a venue determination has been made, that determination is conclusive as to those parties and claims. Because venue is then fixed in any suit involving the same ·parties and claims, it cannot be overcome by a nonsuit and subsequent refiling in another county. *Cf. H.H. Watson Co. v. Cobb Grain Co.*, 292 S.W. 174, 177 (Tex. Comm'n App.1927, judgm't adopted) (holding that a plaintiff's nonsuit following the trial court's hearing on a plea of privilege "unalterably fixed the venue of any suit involving any subsequent controversy between the parties, relating to the subject-matter of the original suit in the county where the defendants reside," and that "[t]he venue of such subsequent suit, if any, has become res adjudicata."). Once the Harris County trial court transferred the cause to the proper venue of Williamson County, venue was fixed permanently in Williamson County for these causes of action between these parties. That venue was also proper in Fort Bend County does not change the result. The Fort Bend County trial court therefore abused its discretion by refusing to enforce the prior venue order issued by the Harris County trial court.

To interpret the provisions otherwise would allow forum shopping, a practice we have repeatedly prohibited. *See, e.g., In re Automation, Inc.*, 228 S.W.3d 663, 667–68 (Tex.2007). If a plaintiff has an absolute right to nonsuit and refile, as the Creekmores contend, nothing could stop him from filing in each of Texas's 254

counties until he finds a favorable venue. And, under the Creekmores' interpretation, defendants would be left with no remedy and would have to endure a trial in the wrong venue, while a plaintiff could avoid any number of venue rulings simply by nonsuiting and refiling his case. We do not believe that the Legislature intended such a situation. Indeed, the plea of privilege practice that existed before amendment of the predecessor to Section 15.064 prevented that outcome. *See H.H. Watson Co.*, 292 S.W. at 177; *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 756–57 (Tex.1993). When a plea of privilege was sustained and a cause then transferred, a plaintiff's nonsuit became res judicata as to venue if the plaintiff asserted the same cause of action against the defendant in a subsequent suit. *See GeoChem Tech Corp. v. Verseckes*, 962 S.W.2d 541, 543 (Tex.1998) (recognizing that, under the previous plea of privilege practice, when a plaintiff took a nonsuit while a proper plea of privilege was pending, the dismissal was deemed an admission that venue was improper in the original county, and venue became fixed in the county to which transfer was sought); *Ruiz*, 868 S.W.2d at 756–57 (explaining that although referred to as "res judicata," the rule was really based on the dismissal being "deemed an admission of the merit of the plea"). Though we no longer have a plea of privilege under our statutes or rules, the rationale of "protect[ing] defendants from the harassment and expense of several contests on the issue of venue" remains. *First Nat'l Bank in Dallas v. Hannay*, 123 Tex. 203, 67 S.W.2d 215, 215 (1933) (per curiam).

The only remedy afforded by the Legislature when a party loses a venue hearing is to proceed with trial in the transferee county and appeal any judgment from that court on the basis of alleged error in the venue ruling. TEX. CIV. PRAC. & REM.CODE § 15.064(b) ("On appeal from the trial on the merits, if venue was improper it shall in no event be harmless error and shall be reversible error."). The Creekmores chose not to avail themselves of that prescribed remedy and instead attempted to circumvent the venue ruling by nonsuiting and refiling. As we said in *Masonite*, "the plaintiffs had the first choice, *but not the second,* of a proper venue." 997 S.W.2d at 198 (emphasis added).

All three courts of appeals that have addressed the issue of voluntary nonsuiting and refiling in a different county following a transfer of venue have held that this practice violates Texas venue procedure. *Fincher v. Wright*, 141 S.W.3d 255, 260 (Tex.App.-Fort Worth 2004, orig. proceeding) ("While on its face rule 87(5) appears to apply only to venue determinations by the same trial court in the same case, the same principle should apply to prohibit a subsequent trial court—in a case involving the same parties and claims—from making its own venue determination independently of the first court."); *In re Shell Oil Co.*, 128 S.W.3d 694, 696 (Tex. App.-Beaumont 2004, orig. proceeding) ("Venue of any subsequent suit involving the same subject matter and the same parties as the initial suit is governed by the venue determination in the initial suit."); *Hendrick Med. Ctr. v. Howell*, 690 S.W.2d 42, 45–46 (Tex.App.-Dallas 1985, orig. proceeding) ("Permitting a plaintiff to avoid being bound by a venue determination simply by nonsuiting and subsequently refiling the same cause of action against the same parties in a county other than that in which venue was determined to be proper would, in effect, circumvent the legislature's intent that there be only one venue determination in a cause of action."). They differ only in their analysis of the available appellate remedy, which we address next. *Compare Shell Oil*, 128 S.W.3d at 697 (issuing writ of mandamus

compelling trial court to enforce original venue transfer), *with Hendrick Med. Ctr.*, 690 S.W.2d at 45–46 (denying writ of mandamus despite improper venue procedure because an adequate appellate remedy existed).

## B

 The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex.2004). In evaluating benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *Id.* Our venue statutes create a balance: a plaintiff has the first choice of venue when he files suit, and a defendant is restricted to one motion to transfer that venue. *See Masonite*, 997 S.W.2d at 197–98; TEX.R. CIV. P. 87(5). By defying the Harris County trial court's venue ruling by nonsuiting and refiling elsewhere, the Creekmores disrupted that balance in their favor and thereby impaired Team Rocket's procedural rights.

In addition to impairment of rights, we consider whether mandamus will "allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments." *Prudential*, 148 S.W.3d at 136. This petition involves a legal issue—the construction of Texas venue statutes and related rules in the context of voluntary nonsuit—that is likely to recur, as demonstrated by the court of appeals' decisions that have already addressed it. *See Fincher*, 141 S.W.3d 255; *Shell Oil*, 128 S.W.3d 694; *Hendrick Med. Ctr.*, 690 S.W.2d 42.

 Finally, we consider whether mandamus will spare litigants and the public "the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *Prudential*, 148 S.W.3d at 136. Although we generally do not grant a petition for mandamus for venue determinations absent extraordinary circumstances, we have granted mandamus relief when the trial court issued an improper order transferring venue that "wrongfully burdened fourteen other courts in fourteen other counties, hundreds of potential jurors in those counties, and thousands of taxpayer dollars in those counties." *Masonite*, 997 S.W.2d at 199. When, as in this case, a trial court improperly applied the venue statute and issued a ruling that permits a plaintiff to abuse the legal system by refiling his case in county after county, which would inevitably result in considerable expense to taxpayers and defendants, requiring defendants to proceed to trial in the wrong county is not an adequate remedy. *See Prudential*, 148 S.W.3d at 137. "[A]n appellate remedy is not inadequate merely because it may involve more expense or delay than obtaining an extraordinary writ," *Walker*, 827 S.W.2d at 842, but extraordinary relief can be warranted when a trial court subjects taxpayers, defendants, and all of the state's district courts to meaningless proceedings and trials. *See Prudential*, 148 S.W.3d at 137.

We have granted mandamus relief in the context of Rule 87 venue rulings where, as here, the trial court made no effort to follow the rule. *See Henderson v. O'Neill*, 797 S.W.2d 905, 905 (Tex.1990) (per curiam); *cf. Bridgestone/Firestone, Inc. v. Thirteenth Court of Appeals*, 929 S.W.2d 440, 442 (Tex.1996) (per curiam) (explaining that, in that Rule 87 venue case, no extraordinary circumstances existed to justify mandamus relief). In this case, the Creekmores defied the Harris County trial court's venue order by attempting to have another court revisit the question of venue,

which had already been decided. To say that the Fort Bend County trial court, which violated statutory venue procedure and Rule 87(5), committed reversible error while declining to correct the injustice would compromise the integrity of the venue statute and result in an irreversible waste of resources. We hold that Team Rocket has no adequate appellate remedy.

### III

For the reasons described above, we conditionally grant the writ of mandamus directing the Fort Bend County trial court to vacate its venue order and transfer the Creekmores' case to Williamson County. If the court fails to do so, the writ will issue.

Justice WAINWRIGHT filed a concurring opinion, in which Chief Justice JEFFERSON and Justice O'NEILL joined.

Justice WAINWRIGHT, concurring, joined by Chief Justice JEFFERSON and Justice O'NEILL.

For the reasons expressed in my dissent in *In re McAllen Medical Center,* 2008 WL 2069837 (Tex.2008), I respectfully disagree with the Court's expansion of its mandamus jurisdiction beyond established legal tenets. Because the Court has indeed crossed that bridge, I reluctantly join the Court's opinion.