

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-08-00068-CV

_____

### IN RE:
### YEBIO PETROS

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

After reviewing the document Yebio Petros has filed with this Court, we deem it to be a petition seeking mandamus relief against Don Stricklin, Judge of the 337th Judicial District Court of Harris County. Petros was before this Court in 2001 in two companion appeals, cause numbers 06-01-00163-CR and 06-01-00164-CR, appeals that had been transferred to this Court by the Texas Supreme Court for docket equalization purposes. In each of the two cases, Petros had been sentenced to seven years, to be served consecutively. We found the consecutive sentencing to be error and reformed the judgments to provide that the two sentences would run concurrently.

Petros now complains that the authorities disregarded the language in our opinion ordering concurrent sentences, erroneously calculating the second sentence not from the same date as the first, but a year later, thus contravening our directive that the punishments would run concurrently. He states that he was released on the first charge in May 2007, but that the dating error added an additional year of community supervision on the second conviction, during which the trial court revoked his community supervision because he did not report. Petros adds that reporting was an impossibility because he had been transferred directly into the custody of immigration officials and put in detention.

The errors complained of are matters that would either be properly addressed through a direct appeal of the revocation proceedings or through mandamus proceedings. Though we deem Petros' document filed with this Court a petition for writ of mandamus, we have no jurisdiction over the

district judge in Harris County. Our jurisdiction is limited to our geographic district only, except as to active cases transferred to us by the Texas Supreme Court. This Court has jurisdiction to issue a writ of mandamus against only "a judge of a district or county court in the court of appeals district." TEX. GOV'T CODE ANN. § 22.221(b) (Vernon 2004). Harris County is not within the territorial jurisdiction of this Court. TEX. GOV'T CODE ANN. § 22.201(g) (Vernon Supp. 2007). Petros' mandamus lies only with one of the Courts of Appeals in Houston.[1]

We deny the petition for writ of mandamus.


Josh R. Morriss, III
Chief Justice

Date Submitted:     June 26, 2008
Date Decided:       June 27, 2008

---

[1]Further, the information provided to us in the letter is sketchy and unsupported by any documents or orders of the trial court. It is not clear what happened, and in order to create the narrative set out above, it was necessary for us to fill in some blanks in a fashion that, although logical assumptions, are not necessarily correct. Further, it is not entirely clear what relief Petros seeks. *See* TEX. R. APP. P. 52.3. We grant the extraordinary relief of mandamus only when the relator adequately shows this Court that the trial court clearly abused its discretion and the relator lacks an adequate appellate remedy. *In re Team Rocket, L.P.*, No. 06-0414, 2008 Tex. LEXIS 501 (Tex. May 23, 2008). Under this state of the record and the petition, we cannot conclude that Petros has clearly shown us his entitlement to a writ of mandamus.