NUMBER 13-10-00267-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






IN RE: UNIT TEXAS DRILLING, L.L.C, UNIT DRILLING COMPANY,


AND CLIFF WELKER






On Petition for Writ of Mandamus.






MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Per Curiam Memorandum Opinion (1)



 Relators, Unit Texas Drilling, L.L.C., Unit Drilling Company, and Cliff Welker, filed
a petition for writ of mandamus in the above cause on May 5, 2010. On May 6, 2010, the
Court requested that the real parties in interest, Caesar Morales and his wife, Rhonda
Morales, file a response to the petition for writ of mandamus, and such response was duly
filed on May 24, 2010. On June 4, 2010, relators filed an amended reply in further support
of their petition. On June 7, 2010, this Court granted relators' "Unopposed Motion to
Consolidate and Stay the Interlocutory Appeal Deadlines" in this cause and the related
appeal pending in cause number 13-10-00247-CV. 

 Mandamus is an "extraordinary" remedy. In re Sw. Bell Tel. Co., L.P., 235 S.W.3d
619, 623 (Tex. 2007) (orig. proceeding); see In re Team Rocket, L.P., 256 S.W.3d 257,
259 (Tex. 2008) (orig. proceeding). In order to obtain mandamus relief, the relator must
show that the trial court clearly abused its discretion and that the relator has no adequate
remedy by appeal. In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004) 
(orig. proceeding); see In re McAllen Med. Ctr., Inc., 275 S.W.3d 458, 462 (Tex. 2008)
(orig. proceeding). 

 The Court, having examined and fully considered the petition for writ of mandamus,
the response, and the reply thereto, is of the opinion that relators have not shown
themselves entitled to the relief sought in the petition for writ of mandamus. See Tex. Civ.
Prac. & Rem. Code Ann. § 51.016 (Vernon Supp. 2009) (allowing for interlocutory appeal
of a matter subject to the Federal Arbitration Act to the same extent as allowed under
federal law). Accordingly, the petition for writ of mandamus is DENIED. See Tex. R. App.
P. 52.8(a).

 


 PER CURIAM



Delivered and filed the 

6th day of July, 2010. 




 
1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but
is not required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).