

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00089-CV
_____


IN RE ESTATE OF DON LOVE FOUST, DECEASED


Original Mandamus Proceeding


Before Morriss, C.J., Stevens and van Cleef, JJ.
Opinion by Justice Stevens

## O P I N I O N

Relator, the Estate of Don Love Foust, deceased, has filed a petition for a writ of mandamus asking this Court to compel the Honorable Clay Harrison, judge of the County Court at Law of Hopkins County, to vacate a November 9, 2022, order transferring venue from Hopkins County to Dallas County. For the reasons below, we decline to grant the petition.

## I.     Background

Paul Foust (Foust), the son of Don Love Foust (Decedent), filed his application for probate of Decedent's will on July 18, 2022, in Hopkins County. The petition alleged that Decedent was domiciled at 1044 Church Street in Sulphur Springs when he passed away on June 29, 2022, at the age of ninety. At the time of his death, Decedent's widow, Eugenia Foust, resided in Dallas County. Eugenia filed a motion to transfer venue to Dallas County, claiming that, pursuant to Section 33.001 of the Texas Estates Code, Decedent did not have a fixed place of residence in Hopkins County and was in an assisted living center there for approximately two months. *See* TEX. ESTATES CODE ANN. § 33.001. Eugenia further averred that Decedent's estate consisted of a large amount of real property located in Dallas County but did not include any property in Hopkins County. As a result, Eugenia prayed that the court transfer the matter to Dallas County.

The trial court held a contested evidentiary hearing on the motion to transfer venue, following which it issued its order transferring the matter to Dallas County. In its order, the court found:

> 1.      Decedent's last county of residence was Dallas County. In his will which was executed on December 1, 2020, Decedent states in the first sentence

2

that he is a resident of Dallas County. The court notes that Non-Movant is the party who applied to probate this will. However, prior to death, Decedent left Dallas County and did not establish a new county of residence prior to his death. He temporarily resided in Upshur County, Texas, in a facility before being transferred to Hopkins County, Texas. He was physically located in a facility in Hopkins County for a brief time after Upshur County. Decedent died in Hopkins County without having a county of residence.

2. At the time of his death, Decedent was married to Movant and a divorce was pending in Dallas County. Movant now resides in Galveston County. Movant and Decedent previously resided in Dallas County together as spouses until the divorce was filed in Dallas County.

3. Decedent's principal estate as recited in the will is in Dallas County. The estate consists of multiple pieces of real estate in Dallas County as well as some property in Tarrant County and Galveston County. There is no property in Hopkins County.

As a result of those findings, the trial court concluded that, "[u]nder Texas Estates Code 33.001, venue [was] proper in either Dallas County or Hopkins County."[1] Hopkins County was a county of proper venue, the court concluded, because it was the county in which Decedent passed away. Conversely, Dallas County was also a proper county of venue because it was the location of Decedent's principal estate at the time of his death. Foust argued that, because Hopkins County was a county of proper venue, and because he filed the application in Hopkins County, the trial

---

[1]Section 33.001 states,

  (a) Venue for a probate proceeding to admit a will to probate or for the granting of letters testamentary or of administration is:
   (1) in the county in which the decedent resided, if the decedent had a domicile or fixed place of residence in this state; or
   (2) with respect to a decedent who did not have a domicile or fixed place of residence in this state:
    (A) if the decedent died in this state, in the county in which:
     (i) the decedent's principal estate was located at the time of the decedent's death; or
     (ii) the decedent died.

TEX. ESTATES CODE ANN. § 33.001(a).

3

court lacked the authority to transfer venue to Dallas County. Despite this argument, the trial court found that it was in the estate's best interest to transfer venue to Dallas County, in reliance on Section 33.103 of the Texas Estates Code.[2]

In his petition, Relator argues that the trial court abused its discretion in transferring the case to Dallas County (1) when the Estate had presented a prima facie case of fixed place of residence and Eugenia did not present controverting sworn evidence to the contrary and (2) when Foust filed the case in the county of proper venue and no motion for transfer for convenience or best interest of the estate was before the court.[3]

## II.     Standard of Review

"Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal." *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding) (quoting *In re Frank Kent Motor Co.*, 361 S.W.3d 628, 630 (Tex. 2012)). "A trial court clearly abuses its discretion if 'it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.'" *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (quoting *Johnson v. Fourth Ct. of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding), *disapproved of by In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204 (Tex. 2009) (orig. proceeding))). "A trial court has no

---

[2]Section 33.103 provides, "The court may order that a probate proceeding be transferred to the proper court in another county in this state if it appears to the court at any time before the proceeding is concluded that the transfer would be in the best interest of . . . the estate . . . ." TEX. ESTATES CODE ANN. § 33.103(a) (Supp.).

[3]Although the motion to transfer venue did not mention Section 33.001 of the Texas Estates Code, the trial court could nevertheless have interpreted the motion as advancing an argument for transfer for the convenience and best interest of the estate. *See In re Bokeloh*, 21 S.W.3d 784, 790 (Tex. App.—Houston [14th Dist.] 2000, orig. proceeding) ("courts have broad discretion to interpret pleadings liberally," as long as "the interpretation [is] reasonable and consistent with the nature and character of the pleading at issue").

4

'discretion' in determining what the law is or in applying the law to the particular facts." *Id.* at 840. Given this two-part test, we need not decide whether the trial court clearly abused its discretion in transferring venue to Dallas County. Instead, we focus on whether Relator has established that it has no adequate appellate remedy.

## III. Adequacy of Appellate Remedy

Because "[m]andamus is an extraordinary remedy available only when there is an abuse of discretion and no adequate appellate remedy," "venue determinations as a rule are not reviewable by mandamus." *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding);[4] *see Bridgestone/Firestone, Inc. v. Thirteenth Ct. of Appeals*, 929 S.W.2d 440, 441 (Tex. 1996) (per curiam) (orig. proceeding); *see also In re Lowe's Home Ctrs., L.L.C.*, 531 S.W.3d 861, 874 (Tex. App.—Corpus Christi–Edinburg 2017, orig. proceeding). "The only remedy afforded by the Legislature when a party loses a venue hearing is to proceed with trial in the transferee county and appeal any judgment from that court on the basis of alleged error in the venue ruling." *In re Team Rocket, L.P.*, 256 S.W.3d 257, 261 (Tex. 2008) (orig. proceeding) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(b) ("On appeal from the trial on the merits, if venue was improper it shall in no event be harmless error and shall be reversible error.")); *see In re City of Irving, Tex.*, 45 S.W.3d 777, 779 (Tex. App.—Texarkana 2001, orig. proceeding) ("[T]he mere fact that a trial court's erroneous order will result in an eventual reversal on appeal does not mean that a trial will be a 'waste of judicial resources'. . . . To hold otherwise would

---

[4]Mandatory venue provisions are reviewable by mandamus. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642 ("A party may apply for a writ of mandamus with an appellate court to enforce the mandatory venue provisions of this chapter.").

mean that virtually any reversible error by a trial court would be a proper subject for mandamus review.").

"The Texas Supreme Court has also held, however, that an erroneous venue determination may result in a writ of mandamus if the waste of judicial resources is so great as to make the situation a truly exceptional circumstance." *In re City of Irving, Tex.*, 45 S.W.3d at 779 (citing *In re Masonite Corp.*, 997 S.W.2d at 199) (finding appellate remedy inadequate when trial court acted on its own motion and "effectively treated the nonresident plaintiffs' motions to sever as motions to transfer venue and granted them"). In *Team Rocket*, another case finding extraordinary circumstances, the trial court transferred venue from Harris County to Williamson County, the location of Team Rocket's principal place of business. After the transfer, the plaintiffs nonsuited the case and immediately refiled the same claims in Fort Bend County. Team Rocket moved to transfer venue back to Williamson County based on the trial court's prior venue order. The trial court in Fort Bend County denied the motion. *In re Team Rocket, L.P.*, 256 S.W.3d at 259. Team Rocket petitioned for mandamus relief. The Texas Supreme Court found that, "once a venue determination has been made, that determination is conclusive as to those parties and claims . . . . [and] cannot be overcome by a nonsuit and subsequent refiling in another county." *Id.* at 260. It concluded,

> When . . . a trial court improperly applie[s] the venue statute and issue[s] a ruling that permits a plaintiff to abuse the legal system by refiling his case in county after county, which would inevitably result in considerable expense to taxpayers and defendants, requiring defendants to proceed to trial in the wrong county is not an adequate remedy.

6

*Id.* at 262; *see Henderson v. O'Neill*, 797 S.W.2d 905, 905 (Tex. 1990) (per curiam) (orig. proceeding) (holding that mandamus was appropriate remedy where trial court ruled on motion to transfer without giving sufficient notice, made no attempt to follow the rule, and acknowledged deviating from the rule); *In re Lowe's Home Ctrs., L.L.C.*, 531 S.W.3d at 864, 875 (holding that mandamus was appropriate remedy where trial court denied Lowe's motion to transfer from Starr County to Cameron County; plaintiffs later nonsuited and refiled in Hidalgo County after it was discovered that its original venue pleadings were incorrect or fraudulent); *In re Berry GP, Inc.*, 530 S.W.3d 201 (Tex. App.—Beaumont 2016, orig. proceeding) (per curiam) (holding that mandamus was appropriate remedy where trial court failed to transfer to county of proper venue when plaintiffs failed to plead and prove venue facts, resulting in abuse of judicial system); *In re Reynolds*, 369 S.W.3d 638, 657 (Tex. App.—Tyler 2012, orig. proceeding) (holding that mandamus was appropriate remedy where severance and venue were intertwined and relator would be unable to obtain reversal of incorrect venue ruling on appeal unless relator also obtained reversal of incorrect denial of severance); *In re Shell Oil Co.*, 128 S.W.3d 694, 697 (Tex. App.—Beaumont 2004, orig. proceeding) (holding that mandamus was appropriate remedy where trial court refused to grant motion to transfer to previously determined county of venue); *cf. Robertson v. Gregory*, 663 S.W.2d 4, 4 (Tex. App.—Houston [14th Dist.] 1983, orig. proceeding) (holding transfer order void when probate court, without notice to parties and on its own motion, transferred guardianship and proceedings incident thereto to Dallas County); *Boyd v. Ratliff*, 541 S.W.2d 223, 225–26 (Tex. App.—Dallas 1976, writ dism'd) (holding transfer for best interest of estate pertained "only to the proceedings specifically set

forth in ss 6 and 7" and finding suit for declaratory judgment not a proceeding set forth in either section).[5]

Here, we do not find any "extraordinary circumstances" which might render an ordinary appeal an inadequate remedy. *See In re Team Rocket, L.P.*, 256 S.W.3d at 262. As a result, relator has failed to show entitlement to mandamus relief. We, therefore, deny the petition for a writ of mandamus.

Scott E. Stevens
Justice

Date Submitted:    December 21, 2022
Date Decided:      December 22, 2022

---

[5]*See* Act of March 17, 1955, 54th Leg., R.S., ch. 55, §§ 6, 7, 1955 Tex. Gen. Laws 88, 91–92 (formerly codified at TEX. PROBATE CODE §§ 6, 7).