**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-26-00001-CV**
_____

**IN RE STACI SUE SEMRAD**

**Original Proceeding**
**457th District Court of Montgomery County, Texas**
**Trial Cause No. 25-08-12510**

**MEMORANDUM OPINION**

Relator Staci Sue Semrad filed a petition for (1) a writ of mandamus compelling the trial court to vacate parts of a final Order Granting Defendant's Dispositive Motions and Imposing Sanctions, dated October 19, 2025, (2) a writ of prohibition prohibiting the trial court from interfering with this Court's jurisdiction over Appeal Number 09-25-00378-CV, and (3) a writ of injunction enjoining Real Party in Interest Tavi Lynnee Sellers and her attorneys from attempting to enforce sanctions and penalties contained in the trial court's Order dated October 19, 2025.

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments, considering whether extending mandamus relief will preserve important substantive and procedural rights from impairment or loss. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). "The operative word, 'adequate[,]' has no comprehensive definition; it is simply a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts." *Prudential*, 148 S.W.3d at 136.

Relator complains in part that the trial court ordered that the sanctions imposed in the final judgment cannot be superseded. A party may seek review of a determination whether to permit suspension of enforcement of a judgment by filing a motion for appellate review in the appeal. *See* Tex. R. App. P. 24.4(a)(4).

Having reviewed the petition and record, we conclude that Relator has an adequate remedy by appeal regarding the issues presented in the petition. Accordingly, we deny the petition for writs of mandamus, prohibition, and injunction. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on January 2, 2026
Opinion Delivered January 5, 2026

Before Golemon, C.J., Johnson and Wright, JJ.