Petition for Writ of Mandamus Denied and Memorandum Opinion filed April
30, 2009








 

Petition
for Writ of Mandamus Denied and Memorandum Opinion filed April 30, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00255-CV

____________

 

IN RE MARY RIGGINS, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N








On March
23, 2009, relator, Mary Riggins, filed a petition for writ of mandamus in this
court.  See Tex. Gov=t Code Ann. ' 22.221 (Vernon 2004); see also Tex. R. App. P. 52. 
In the petition, relators ask this court to compel the Honorable W. Edwin
Denman, presiding judge of the 412th District Court of Brazoria County, to (1)
vacate his order granting the motion to enforce a Rule 11 agreement; (2) vacate
his order granting summary judgment in favor of the real parties in interest;[1]
(3) vacate his order of abatement; (4) vacate any and all orders awarding
attorney=s fees to the real parties in
interest or their counsel; (5) enter an order an order granting a default
judgment; and (6) enter an order prohibiting the real parties in interest from
engaging in any further discovery.  

To be
entitled to the extraordinary relief of a writ of mandamus, relator must show
that the trial court clearly abused its discretion and she has no adequate
remedy by appeal.  In re Team Rocket, L.P., 256 S.W.3d 257, 259 (Tex.
2008) (orig. proceeding).  On February 2, 2009, the trial court signed and
entered a final judgment in the underlying case.  See Lehmann v. Har-Con
Corp., 39 S.W.3d 191 (Tex. 2001).  Relator, therefore, has an adequate
remedy by appeal.  Moreover, relator=s petition does not comply with the
Texas Rules of Appellate Procedure.  See Tex. R. App. P. 52.3(j),
52.3(k)(1)(A), and 52.7(a)(1).

Relator
has not established her entitlement to the extraordinary relief of a writ of
mandamus.  Accordingly, we deny relator=s petition for writ of mandamus.

 

PER CURIAM

 

 

Panel consists of Justices Yates,
Guzman, and Sullivan.









            [1]  The real parties
in interest are Ronald E. Hill, Linda C. Hill, West Columbia Plaza Ltd., Lucky
Lindy Development Corp., and Angela Stewart.