

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00061-CV

_____

IN RE:  JEFFREY DALE MAYNARD

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

In his petition for mandamus relief, Jeffrey Dale Maynard has petitioned this Court to order the Honorable Robert Newsom, judge of the 8th Judicial District Court of Hopkins County, to "cease and desist the removal, and/or ordered removal, of funds from his inmate trust fund account for the purpose of paying fines and court costs, and, to immediately return all such funds removed and/or ordered removed to date." We deny the requested relief.

Maynard has alleged that funds have been removed from his inmate trust account without his having been served or provided with any garnishment order or other order authorizing such action. A trial court may order the attachment of an inmate's trust fund monies as payment for that inmate's court costs, fines, fees, restitution, and other obligations. TEX. GOV'T CODE ANN. § 501.014 (Vernon 2004). However, "Texas courts have long recognized that prisoners have a property interest in their inmate trust accounts." *Harrell v. State*, No. 07-0806, 2009 Tex. LEXIS 321, at *9 (Tex. June 5, 2009); *Abdullah v. State*, 211 S.W.3d 938, 943 (Tex. App.—Texarkana 2007, no pet.).

Although an inmate is entitled to notice of the State's attachment of the inmate's trust funds and a chance to appeal that taking, the "Constitution does not require pre-withdrawal notice or a comprehensive civil garnishment proceeding." *Harrell*, 2009 Tex. LEXIS 321, at *15.

Maynard has supplied us with no record of the proceedings in the trial court, but the respondent, Judge Newsom, has provided copies of the trial court's judgment and an order to withdraw inmate trust funds with his response. Both of these documents were entered September 8,

2

2008, and each bears Maynard's signature. These documents reveal that Maynard was shown a copy of and made fully aware of the order for withdrawal of inmate trust funds.

Maynard having received all the notice to which he was entitled for the State's attachment of funds in his trust fund account, he has not established any right to mandamus relief.[1] A challenge to an order withholding or attaching an inmate's trust funds should be by direct appeal, not by a petition for writ of mandamus. *Id.* at *14.

We deny Maynard's request for mandamus relief.

Bailey C. Moseley
Justice

Date Submitted:     July 8, 2009
Date Decided:       July 9, 2009

---

[1]We grant the extraordinary relief of mandamus only when the trial court has clearly abused its discretion and the relator lacks an adequate appellate remedy. *In re Team Rocket, L.P.*, 256 S.W.3d 257 (Tex. 2008).