# NO. 12-10-00009-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *IN RE: DR. SHIRLEY PIGOTT,* *RELATOR* | § | |
| | § | *ORIGINAL PROCEEDING* |
| | § | |

## *MEMORANDUM OPINION*

In this original proceeding, the relator, Dr. Shirley Pigott, seeks a writ of mandamus directing the respondent to vacate an order granting a temporary injunction signed on November 20, 2009.[1]  We deny the petition.

### BACKROUND

In the underlying lawsuit, Dr. Keith Miller sued Dr. Shirley Pigott and Dr. Steven Hotze for libel and slander.  Both defendants are whistleblowers who publicly claim that Dr. Miller engaged in improper and unethical conduct while he was a member of the Texas Medical Board.  Dr. Miller sought and obtained an ex parte temporary restraining order enjoining Dr. Pigott from attending any proceedings in the case, such as depositions and mediation, that are not conducted before the trial court.  Dr. Miller then obtained the temporary injunction that is the subject of this proceeding.

The order granting the temporary injunction, signed on November 20, 2009, restrains Dr. Pigott from engaging in various conduct, including coming within one thousand yards of Dr. Miller, his family, or his employees.  However, the prohibitions in the order do not apply to "Courtroom proceedings."  The order further provides that any deposition or mediation that Dr. Pigott chooses to attend must be held in the Shelby County district courthouse, and the parties must arrange for, and equally bear the cost of, providing security for any such deposition or mediation.  The order does not require a bond nor does it state the reason for its issuance.

---

[1]  The respondent is the Honorable Charles R. Mitchell, Judge of the 273rd Judicial District Court, Shelby County, Texas.  The real party in interest is Dr. Keith Miller.

On November 25, 2009, Dr. Pigott filed a motion requesting a hearing to determine the amount of the bond for the temporary injunction. On the same date, Dr. Pigott also filed a motion requesting the trial court to reconsider its issuance of the temporary injunction. In her motion, Dr. Pigott objected that (1) Dr. Miller failed to produce evidence establishing grounds for the temporary injunction, (2) the order does not require the posting of a bond, and (3) the order does not include findings of fact that justify the issuance of the injunction. In a subsequent telephone hearing on a related matter, Dr. Pigott's counsel called the motion and objections to the trial court's attention. However, the trial court did not rule on Dr. Pigott's motion or her objections.

Dr. Pigott filed a notice of appeal from the November 20, 2009 injunction order, as well as the order "rendered on 12/4/09, during a telephone hearing, on Defendant Hotze's Motion to Compel depositions. (The Order rendered on 12/4/09 ordered Defendant Pigott to abide by the temporary injunction entered on 11/20/09)." She also filed this original proceeding.

## AVAILABILITY OF MANDAMUS

A writ of mandamus is available only when the trial court has clearly abused its discretion and the relator lacks an adequate appellate remedy. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding).

As a general rule, with a few exceptions that are primarily statutory, an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). One such statutory exception is an order granting a temporary injunction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (Vernon 2008) (authorizing appeal from interlocutory order granting temporary injunction). An interlocutory appeal provides an adequate remedy for challenging an order granting a temporary injunction. *In re Holland*, No. 14-09-00656-CV, 2009 WL 3154479, at *2 (Tex. App.–Houston [14th Dist.] Oct. 1, 2009, orig. proceeding) (mem. op. on reh'g) (per curiam). Therefore, Dr. Pigott cannot establish that she is entitled to mandamus relief. Accordingly, we *deny* her petition for writ of mandamus.

    **JAMES T. WORTHEN**
Chief Justice

Opinion delivered March 17, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

2