

# NUMBER 13-11-00539-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

### IN RE BERNARDO TORRES AND
### TORR RESPIRATORY SERVICES, INC.

### On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

### Before Justices Benavides, Vela, and Perkes
### Per Curiam Memorandum Opinion[1]

Relators, Bernardo Torres and Torr Respiratory Services, Inc., filed a petition for writ of mandamus in the above cause on August 16, 2011, seeking to compel the trial court to disqualify opposing counsel. The Court requested that the real parties in interest, Raymond Aguilar, Miguel Aguilar, Roy Aguilar, and Torr Sleep Center, Inc., file a response to the petition for writ of mandamus. The Court received a response to the

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

petition for writ of mandamus from Raymond Aguilar, and also received a reply to that response from relators. We deny the petition for writ of mandamus.

Mandamus is an "extraordinary" remedy. *In re Sw. Bell Tel. Co.*, L.P., 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding); *see In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding). To obtain mandamus relief, the relators must show that the trial court clearly abused its discretion and that the relators have no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *see In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 462 (Tex. 2008) (orig. proceeding). A trial court abuses its discretion if it reaches a decision that is so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of the costs and benefits of interlocutory review. *See In re McAllen Med. Ctr., Inc.*, 275 S.W.3d at 462. Sometimes, "[a]n appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. The relators have the burden of providing this Court with a record and appendix sufficient to establish their right to mandamus relief. *See* TEX. R. APP. P. 52.7(a), 52.3(k)(1)(A); *Walker*, 827 S.W.2d at 837.

The Court, having examined and fully considered the petition for writ of mandamus, the response thereto, and the reply, is of the opinion that relators have not shown themselves entitled to the relief sought. Based on the limited record provided, it

2

appears that the trial court had before it conflicting evidence regarding the existence of the alleged attorney-client relationship. *See In re Angelini*, 186 S.W.3d 558, 560 (Tex. 2006) (orig. proceeding) (holding that mandamus relief is not available when there are factual disputes). Accordingly, the petition for writ of mandamus is DENIED. *See* Tex. R. App. P. 52.8(a).

PER CURIAM

Delivered and filed the
13th day of October, 2011.