

# NUMBER 13-13-00344-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Longoria
### Memorandum Opinion by Justice Rodriguez[1]

By petition for writ of mandamus, relator, the Office of the Attorney General of Texas, seeks relief from an order requiring it to disclose the address of a custodial parent to a non-custodial parent. *See* TEX. FAM. CODE ANN. § 231.108 (West 2008). We conditionally grant relief as stated herein.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *Id.* R. 47.4 (distinguishing opinions and memorandum opinions).

## I. STANDARD FOR MANDAMUS RELIEF

Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts, and a clear failure to analyze or apply the law correctly will constitute an abuse of discretion. *Walker*, 827 S.W.2d at 840.

Mandamus is appropriate only when the relator has no adequate remedy on appeal. *Id.* The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. In evaluating the benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *Id.*; *see In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). The Texas Supreme Court has repeatedly held that an appeal is inadequate when a court erroneously orders the disclosure of privileged information. *See In re Bexar County Crim. Dist. Attorney's Office*, 224 S.W.3d 182, 185 (Tex. 2007) (orig. proceeding); *In re Ford Motor Co.*, 211 S.W.3d 295, 298 (Tex. 2006) (per curiam) (orig. proceeding); *In re Bass*, 113 S.W.3d 735, 745 (Tex. 2003) (orig. proceeding).

## II. BACKGROUND

Juan Antonio Aguiniga and Graciela Aguiniga were divorced in August 2006. Graciela was appointed the sole managing conservator of the couple's two minor children, and Juan was ordered to pay her child support. Shortly thereafter, Juan filed a petition to modify the conservatorship based on Graciela's alleged incarceration and

incipient deportation to Mexico. After a hearing at which Graciela did not appear, the trial court signed a temporary order appointing Juan as the temporary sole managing conservator of the children and ordering that no party would be obligated to pay child support for the minor children. Juan's modification suit was ultimately dismissed for want of prosecution.

In April 2013, Juan filed a "Motion to Void Alleged Child Support Arrearages and Illegal Child Support Lien and Application for Temporary Restraining Order." In the motion, Juan alleged that he was the primary conservator of the children under both Texas and Mexico's law. He further alleged that Graciela had been deported to Mexico, where she then resided, and her family members had also taken the minor children to Mexico and refused to give Juan custody. Juan alleged that Graciela's family had "assaulted" him and "threatened to kill him." Juan thus contended that he did not owe Graciela any child support arrearages.

Juan attempted to serve this motion on Graciela through the Attorney General. The Attorney General filed a "Notice of Defective Service" asserting that it did not represent Graciela and that it only represented the State of Texas. *See* TEX. FAM. CODE ANN. § 231.109(d) (West 2008).

At a trial court hearing held on Juan's motion on June 6, 2013, the Attorney General contended that it was unable to provide Juan with Graciela's address because the provisions of the Texas Family Code rendered such information confidential. The trial court disagreed and orally ordered the Attorney General to provide Juan with Graciela's address within seven days. The Attorney General filed a motion for reconsideration of the trial court's order contending that Graciela's address was

3

confidential under the Texas Family Code because an allegation of family violence had been made against Juan. The trial court denied the Attorney General's motion for reconsideration by written order rendered on or about June 19, 2013.

On July 10, 2013, the Attorney General filed this original proceeding. By order issued that same day, the Court requested that Juan, or any other person whose interest would be directly affected by the relief sought, file a response to the petition for writ of mandamus. *See* TEX. R. APP. P. 52.4, 52.8. The Court further ordered the disclosure of Graciela's address to be stayed pending further order of this Court, or until the case is finally decided. *See id.* R. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). More than an adequate period of time has passed, and no party has filed a response to the petition for writ of mandamus. We thus proceed to address the merits.

## III. ANALYSIS

By two issues, the Attorney General contends that (1) the trial court abused its discretion by ordering the disclosure of Graciela's address, and (2) there is no adequate remedy by appeal. Our analysis of this issue is governed by section 231.108 of the Texas Family Code concerning "Confidentiality of Records and Privileged Communications." *See* TEX. FAM. CODE ANN. § 231.108. This section provides:

   (a)   Except as provided by Subsection (c), all files and records of services provided under this chapter, including information concerning a custodial parent, noncustodial parent, child, and an alleged or presumed father, are confidential.

   (b)   Except as provided by Subsection (c), all communications made by a recipient of financial assistance under Chapter 31, Human Resources Code, or an applicant for or recipient of services under this chapter are privileged.

4

(c) The Title IV-D agency may use or release information from the files and records, including information that results from a communication made by a recipient of financial assistance under Chapter 31, Human Resources Code, or by an applicant for or recipient of services under this chapter, for purposes directly connected with the administration of the child support, paternity determination, parent locator, or aid to families with dependent children programs. The Title IV-D agency may release information from the files and records to a consumer reporting agency in accordance with Section 231.114.

(d) The Title IV-D agency by rule may provide for the release of information to public officials.

(e) The Title IV-D agency may not release information on the physical location of a person if:

(1) a protective order has been entered with respect to the person; or

(2) there is reason to believe that the release of information may result in physical or emotional harm to the person.

(f) The Title IV-D agency, by rule, may provide for the release of information to persons for purposes not prohibited by federal law.

(g) The final order in a suit adjudicating parentage is available for public inspection as provided by Section 160.633.

*See id.*

The Attorney General contends, and we agree, that the information sought regarding Graciela's current address is rendered confidential by the general provisions of subsection (a). *See id.*; *Jackson v. State Office of Admin. Hearings*, 351 S.W.3d 290, 295 (Tex. 2011) (stating that "information obtained during [the] provision of services under Chapter 231 is confidential"). While the statute allows the discretionary release of information for purposes associated with the administration of certain expressly

5

identified programs, assisting a private party in obtaining service on a custodial parent is not one of those discretionary purposes. *See* TEX. FAM. CODE ANN. § 231.108(c).

The Attorney General further contends, and we again agree, that the information sought is also protected by the specific prohibition in subsection (e) against releasing information on the physical location of a person where there is a reason to believe that the release of the information may result in physical or emotional harm to that person. *See id.* § 231.108(e). In the instant case, the Attorney General expressly contended that the case was "marked with family violence" and the disclosure of Graciela's address "may raise safety concerns" for Graciela.

Based on the particular factual and procedural context of this case as presented in this original proceeding, we conclude that the trial court abused its discretion in requiring the Attorney General to provide Juan with Graciela's location or address. *See id.* § 231.108(a),(e). We further conclude that the Attorney General lacks an adequate remedy by appeal for the forced disclosure of confidential information, and thus, relief by mandamus is appropriate. *See In re Bexar County Crim. Dist. Attorney's Office*, 224 S.W.3d at 185; *In re Ford Motor Co.*, 211 S.W.3d at 298.

## IV. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that the Attorney General has shown itself entitled to the relief sought. *See* TEX. FAM. CODE ANN. § 231.108(a),(c)*; Jackson,* 351 S.W.3d at 295. Accordingly, the stay previously imposed by this Court is lifted. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). We conditionally grant mandamus relief and direct

6

the trial court to withdraw its order requiring the Attorney General to disclose Graciela's address to Juan. The writ will issue only if the trial court fails to comply.

JUSTICE NELDA V. RODRIGUEZ

Delivered and filed the
6th day of August, 2013.