# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00251-CV

---

**Craig Mack, Appellant**

**v.**

**The State of Texas, Windham School District; Melanie Black;
Shelly Kroll; Gary Wright; Bryan Collier, Timothy R. Fitzpatrick;
Hollis R. Wilcox; Rebecka Lewis; and Kisha Stott, Appellees**

---

### FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY,
### NO. D-1-GN-18-005952, THE HONORABLE DON R. BURGESS, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Craig Mack, representing himself pro se, seeks to appeal a trial court order granting the appellees' motions to transfer venue.[1] Unless a statute authorizes an interlocutory appeal, the jurisdiction of this Court is limited to the review of final judgments. *See* Tex. Civ. Prac. & Rem. Code §§ 51.012, .014; *Lemann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Based on the record before us, it appears that the trial court has not yet rendered a final judgment in this case, and an interlocutory appeal from a venue determination is not generally permitted. *See* Tex. Civ. Prac. & Rem. Code § 15.064(a); Tex. R. Civ. P. 87(6);

---

[1] Mack is an inmate currently confined in a Texas Department of Criminal Justice prison. Appellees moved to transfer venue to Anderson County pursuant to Section 15.019 of the Texas Civil Practice and Remedies Code, a mandatory venue provision. *See* Tex. Civ. Prac. & Rem. Code § 15.019(a) ("[A]n action that accrued while the plaintiff was housed in a facility operated by or under contract with the Texas Department of Criminal Justice shall be brought in the county in which the facility is located.").

*see also In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding); *Bundy v. Houston,* No. 03-17-00090-CV, 2017 Tex. App. LEXIS 2417, at *1 (Tex. App.—Austin Mar. 22, 2017, no pet.) (mem. op.).

On May 14, 2019, the Clerk of this Court sent a letter to Mack notifying him that it appeared from the record that this Court lacks jurisdiction to consider his appeal. The Clerk requested that Mack file a written response demonstrating this Court's jurisdiction over his appeal. In his response to this Court, Mack asserts that this Court has jurisdiction to consider his appeal and cites Texas Rule of Appellate Procedure 25.1 along with various provisions of the Texas Administrative Procedure Act. *See* Tex. R. App. P. 25.1(b) (filing of notice of appeal invokes appellate court's jurisdiction); Tex. Gov't Code §§ 2001.171-.178 (permitting judicial review of agency decision in contested case by filing petition in Travis county district court). Mack does not dispute that the trial court has not signed a final judgment, nor does he cite any statutory authority which would permit us to review this interlocutory appeal.

We dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Chari L. Kelly, Justice

Before Chief Justice Rose, Justices Kelly and Smith

Dismissed for Want of Jurisdiction

Filed: June 11, 2019

Do Not Publish