**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00003-CV**

_____

**IN RE BRANDON MODELAND**

_____

**Original Proceeding
457th District Court of Montgomery County, Texas
Trial Cause No. 20-04-04769-CV**

_____

**MEMORANDUM OPINION**

In a petition for a writ of mandamus, Brandon Modeland complains that the trial court indefinitely abated Modeland's lawsuit for breach of a mediated settlement agreement reached in a prior lawsuit that involved a current bankruptcy debtor. Modeland asks this Court to compel the trial court to hear Modeland's motion to reconsider a stay, to vacate the orders that stay his lawsuit and continue the case, and to consider and grant Modeland's motion for partial summary judgment. The real parties in interest, Christopher Ryan Rafferty and World Class Travel, LLC, argue that a stay is appropriate, in part because in the settled lawsuit,

1

Modeland implicated the non-party's bankruptcy estate by claiming that they are equal co-owners of World Class Travel.

Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion if it fails to analyze or apply the law correctly because a trial court has no discretion in determining what the law is or applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). "The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments." *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). "In evaluating benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss." *Id*. "These considerations implicate both public and private interests." *Prudential*, 148 S.W.3d at 136. We consider whether an irreversible waste of judicial and public resources would be required if mandamus does not issue. *In re Masonite Corp.*, 997 S.W.2d 194, 198 (Tex. 1999) (orig. proceeding).

Based on the record before us, we conclude relator has not shown he is entitled to the relief requested. Accordingly, we deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a).

2

PETITION DENIED.

PER CURIAM

Submitted on January 29, 2021
Opinion Delivered February 25, 2021

Before Kreger, Horton and Johnson, JJ.