In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-25-00194-CV
_____

IN RE PATRICK HUGHEY

Original Proceeding
County Court at Law No. 6 of Montgomery County, Texas
Trial Cause No. 24-05-08027

MEMORANDUM OPINION

Relator Patrick Hughey filed a petition for a writ of mandamus and a motion for temporary relief. Hughey contends the trial court abused its discretion: (1) by striking and precluding the use of a transcription of a deposition; (2) by sanctioning Hughey beyond the remedy found in Rule 203.6(a) of the Texas Rules of Civil Procedure; and (3) by not enforcing the previous agreement of the Real Party in Interest, Reddico Construction Co., Inc., consenting to the use of Skribe in a deposition. Hughey contends he lacks an adequate remedy by appeal because review of a discovery order would be "difficult if not impossible to review" after the trial

and the trial court "eviscerated Hughey's procedural right to litigate the case in an effective and cost-conscious manner." He argues Chapter 154 of the Civil Practice and Remedies Code does not apply to non-stenographic depositions or written transcriptions thereof and that the trial court precluded "the use of the video-recorded deposition *at all*."

The order signed by the trial court on April 1, 2025, stated:

> It is therefore ORDERED that the relief requested in the Motions is granted. It is further ORDERED that the depositions set for March 27, 2025 and March 28, 2025 are quashed. It is further ORDERED that the transcription of the January 29, 2025 testimony prepared by use of Skribe.ai is struck and may not be used.

Hughey reads too much into the trial court's order. The trial court struck the written transcription that was prepared by means other than by a certified court reporter. The trial court did not exclude the video deposition from evidence or preclude Hughey from playing the video deposition to the jury. Moreover, the trial court issued the order two months before trial, leaving Hughey sufficient time to engage a certified court reporter to transcribe the video deposition.

We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments, considering whether extending mandamus relief will preserve important substantive and procedural rights from impairment or loss. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). Under these circumstances, that balance weighs against mandamus

2

review. We deny the petition for a writ of mandamus and the motion for temporary relief. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on May 27, 2025
Opinion Delivered May 29, 2025

Before Golemon, C.J., Johnson and Chambers, JJ.