**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00434-CV**
_____

**IN RE BRANDY SKIDMORE**

_____

**Original Proceeding**
**457th District Court of Montgomery County, Texas**
**Trial Cause No. 24-12-19838**
_____

**MEMORANDUM OPINION**

Relator Brandy Skidmore filed a petition for a writ of mandamus and a motion for temporary relief. Skidmore seeks a writ compelling the trial court to vacate an order granting Real Party in Interest Town Creek Storage, LLC's motion to strike Skidmore's jury demand and have a jury trial on the issue of attorney's fees.

Background

The suit in the trial court concerns three storage unit rental agreements between Skidmore and Town Creek and a dispute that arose after property stored in the units sustained damage from an incursion of water during a storm. The

1

agreements contain a release clause, an indemnity provision, and a jury waiver. In July 2025, the trial court granted the defendants' motion for partial summary judgment and entered a take-nothing judgment on the plaintiffs' claims against the defendants. In August 2025, the trial court denied the plaintiffs' cross-motion for summary judgment, which contends the contracts are unconscionable and unenforceable except for the terms identifying the space rented and the monthly rental fee.

On September 30, 2025, Town Creek filed a motion to strike the jury demand on the ground that the contracts provided that any action arising from the agreement or from use of the rented storage space "shall be tried to the court **without a jury**." In response, Skidmore argued Town Creek's motion to strike was untimely and Skidmore did not sign the rental agreements with knowledge that they contained a jury waiver. In an affidavit attached to her response, Skidmore stated, "It was made clear to me that in order to be able to rent the storage units that I needed, I would have to just sign it. So I really did not read it. I just signed it with an electronic signature from my phone." In a supplemental response, Skidmore argued the waiver was not made knowingly or voluntarily because the jury waiver was not conspicuous.

On October 19, 2025, the trial court granted Town Creek's motion to strike, struck Skidmore's jury demand, and ordered, "The amount of attorney's fees will be tried to the Court on November 13, 2025, at 1:30 p.m."

Mandamus Standard

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). "A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827 S.W.2d at 839 (internal quotations omitted). A trial court also abuses its discretion if it fails to correctly analyze or apply the law, because a trial court has no discretion in determining what the law is or in applying the law to the facts. *See Prudential*, 148 S.W.3d at 135; *Walker*, 827 S.W.2d at 840.

We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments, considering whether extending mandamus relief will preserve important substantive and procedural rights from impairment or loss. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). "The operative word, 'adequate,' has no comprehensive definition; it is simply a proxy for the careful balance of jurisprudential considerations that

determine when appellate courts will use original mandamus proceedings to review the actions of lower courts." *Prudential*, 148 S.W.3d at 136.

Issues

Skidmore contends the trial court abused its discretion because bold print does not meet the conspicuity test and Town Creek failed to diligently pursue enforcement of the contractual jury waiver. She argues an appeal is an inadequate remedy considering the time and money utterly wasted on an improperly conducted bench trial.

Generally, the denial of a trial by jury is reviewable by mandamus. *Id.* at 139. In this case, however, the trial court has disposed of Skidmore's claims against Town Creek by summary judgment and the scheduled evidentiary hearing appears to be limited to Town Creek's claim that it is entitled to be indemnified for the attorney's fees it incurred defending the lawsuit. The issues presented to and resolved by the trial court in the partial summary judgment are not before us in this mandamus proceeding. The lawsuit includes additional parties who are not parties to the mandamus proceeding. If Skidmore must wait until appeal following rendition of a final judgment to challenge the trial court's order striking her jury demand, in the event she prevails on appeal only the attorney's fee hearing will have to be repeated, and different evidence might be presented in a jury trial on remand.

Conclusion

We conclude any benefits of mandamus are outweighed by the detriments. *Id.* Accordingly, we deny the petition for a writ of mandamus and the motion for temporary relief.[1] *See* Tex. R. App. P. 52.8(a), 2.10.

PETITION DENIED.

PER CURIAM

Submitted on November 7, 2025
Opinion Delivered November 10, 2025

Before Johnson, Wright and Chambers, JJ.

---

[1]We express no opinion here regarding the potential merit of any issues that might arise in an eventual appeal from a final judgment.