**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00245-CV**
_____

**IN RE CITY WIDE FRANCHISE COMPANY, INC.**

**Original Proceeding**
**58th District Court of Jefferson County, Texas**
**Trial Cause No. 23DCCV0816**

**MEMORANDUM OPINION**

Relator, City Wide Franchise Company, Inc., ("City Wide") petitioned for a writ of mandamus to compel the trial court presiding in a premises liability case to enforce a forum-selection clause in a janitorial service agreement between City Wide and CBRE, Inc., ("CBRE") by dismissing claims brought against City Wide by CBRE and non-signatory premises owners Philpott Motors, LLC ("Philpott") and Sonic Automotive, Inc., ("Sonic"). We temporarily stayed proceedings in the trial court and obtained responses from the Real Parties in Interest. We lift our temporary order and deny the petition for a writ of mandamus.

1

Background

Brenda Vega ("Vega") allegedly sustained personal injuries when she slipped while performing janitorial services at Philpott. Vega brought premises liability and negligence claims against Philpott, Sonic, and CBRE. CBRE filed a third-party claim against City Wide for breach of contract, indemnification, defense, negligence, and contribution. Philpott and Sonic cross-claimed against City Wide for contribution, defense, and indemnity. City Wide filed a motion to dismiss on the ground that a Service Agreement of Janitorial and Landscaping between City Wide and CBRE contained a forum-selection clause in which the parties agreed that the applicable state and federal courts in North Carolina shall have exclusive jurisdiction to hear and determine any claims or disputes between the Parties arising out of or related to the Service Agreement. A separate agreement, the Facilities Management Services Agreement between Sonic and CBRE did not contain a forum-selection clause.

The trial court: (1) dismissed CBRE's breach of contract claim against City Wide without prejudice to refiling in North Carolina; (2) denied City Wide's motion to dismiss CBRE's negligence and contribution claims against City Wide and ordered that CBRE's negligence and contribution claims shall remain in the suit; and (3) denied City Wide's motion to dismiss Sonic's and Philpott's claims against City Wide and ordered that Sonic's and Philpott's claims shall remain in the suit. In

2

its mandamus petition, City Wide seeks relief from the parts of the order where the trial court denied City Wide's motion to dismiss.[1]

## Mandamus Standard

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). "A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827 S.W.2d at 839 (internal quotations omitted). A trial court also abuses its discretion if it fails to correctly analyze or apply the law, because a trial court has no discretion in determining what the law is or in applying the law to the facts. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135; *Walker*, 827 S.W.2d at 840. "A trial court abuses its discretion when it fails to properly interpret or apply a forum-selection clause." *In re Lisa Laser USA, Inc.*, 310 S.W.3d 880, 883 (Tex. 2010) (orig. proceeding).

We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments, considering whether extending

---

[1]Sonic and Philpott contend North Carolina courts construe contracts as a whole and an analysis of North Carolina law leads to the same result as an analysis under Texas law. City Wide does not argue that North Carolina law differs from Texas law.

mandamus relief will preserve important substantive and procedural rights from impairment or loss. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). "[M]andamus relief is available to enforce an unambiguous forum-selection clause in a contract." *In re Lisa Laser USA, Inc.*, 310 S.W.3d at 883.

Forum Selection

"In examining whether claims brought by the plaintiff were within the scope of the clauses, . . . a reviewing court should engage in a 'common-sense examination of the claims and the forum-selection clause to determine if the clause covers the claims.'" *Id*. at 884 (quoting *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 677 (Tex. 2009) (orig. proceeding)). "[W]hether a forum-selection clause applies depends on the factual allegations undergirding the party's claims rather than the legal causes of action asserted." *Pinto Tech. Ventures, L.P. v. Sheldon*, 526 S.W.3d 428, 433 (Tex. 2017). "When construing a contract, the court's primary concern is to give effect to the written expression of the parties' intent." *Sundown Energy LP v. HJSA No. 3, Ltd. P'ship*, 622 S.W.3d 884, 888 (Tex. 2021).

The Service Agreement's forum-selection clause provides as follows:

> 4. <u>Governing Law and Jurisdiction</u>. This Agreement shall be construed and governed in accordance with the laws of the State of North Carolina without regard to conflict of laws principles. The United Nations Convention on Contracts for the International Sale of Goods (CISG) does not apply to this Agreement. In the event the Parties are unable to mediate their dispute to a satisfactory resolution, the Parties agree that the applicable state and federal courts located in the State of North Carolina shall have exclusive jurisdiction to hear and determine

4

any claims or disputes between the Parties arising out of or related to this Agreement. The Parties expressly submit and consent in advance to such jurisdiction in any action or suit commenced in such court, and each Party hereby waives any objection that it may have based upon lack of personal jurisdiction, improper venue or *forum non conveniens*.

According to the Service Agreement, the "Parties" to the agreement are CBRE and City Wide. City Wide is designated as "Service Provider." Sonic and its affiliates, which include Philpott, are referred to as the "Client" but are not included in the definition of "Parties."

City Wide argues that Sonic and Philpott are bound by the forum-selection clause because they are nonsignatory "transaction participants" whose alleged conduct is so closely related to the contractual relationship that the forum-selection clause applies. *See Deep Water Slender Wells, Ltd. v. Shell Int'l Expl. & Prod., Inc.,* 234 S.W.3d 679, 693 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). *Deep Water Slender Wells* did not adopt a "transaction participant" analysis. *Id.* ("Neither the Supreme Court of Texas nor this court have addressed whether it is proper to use the transaction-participant analysis as a theory for allowing a nonsignatory to enforce a forum-selection clause. However, we need not address this issue today because the trial court's ruling is sustainable based on equitable estoppel."). The appellate court held the Shell Parties could enforce the forum-selection clause based on principles of equitable estoppel. *Id*. at 693-94. "Because forum-selection clauses are creatures of contract, circumstances in which nonsignatories can be bound to a

5

forum-selection clause are rare." *Pinto Tech. Ventures, L.P.,* 526 S.W.3d at 443. Courts recognizing the validity a transaction-participant theory for enforcing a forum-selection clause have done so "'solely in the context of a nonsignatory defendant attempting to enforce a forum-selection clause against a signatory plaintiff, who did not want the clause enforced,' and not the converse." *Id.* at 445. In *Pinto Technology*, the Supreme Court did not decide whether a transaction participant could enforce a forum-selection clause because the agreement at issue in that case precluded its application. *Id*. The question of who is actually bound to dispute resolution in a particular forum is ultimately a function of the intent of the parties as expressed in the terms of the agreement. *Id*. As was the case in *Pinto Technology*, the Service Agreement bound the Parties—CBRE and City Wide—to the forum-selection clause, not Sonic and Philpott, who were the Clients.

City Wide argues Sonic and Philpott are bound by the forum-selection clause under estoppel and third-party-beneficiary theories because they are asserting claims of indemnity and defense that flow directly from City Wide's contractual obligations under the Service Agreement. Sonic and Philpott are indeed third-party beneficiaries to the Service Agreement, but under the terms of that agreement they are not bound to the forum-selection clause that applies only to the Parties to the Service Agreement. We conclude the trial court did not abuse its discretion by denying City Wide's motion to dismiss Sonic's and Philpott's claims.

Extra-contractual Claims

City Wide argues the Service Agreement governs all CBRE's claims against City Wide because the Service Agreement is for janitorial services to be conducted at the Philpott dealership where, but for the Service Agreement, Vega would not have been performing janitorial services and would not have been injured. City Wide contends the original claims brought by Vega against CBRE relate to the Service Agreement because were it not for the Service Agreement, neither CBRE nor City Wide would be involved in this suit.

We disagree that a party establishes that a claim arises out of a contract merely by establishing that the party would not have been sued but for the existence of the contract. Rather, a claim arises out of a contract if, "but for" the agreement, the plaintiff would not be aggrieved, and if the operative facts that would be implicated in a parallel breach-of-contract claim are the same as the operative facts in the dispute. *Id.* at 440. In *Pinto Technology*, the court found a but-for relationship between the minority shareholders' disputes with the majority shareholders and the amended shareholders agreement that included a forum-selection clause, in that the agreement eliminated preemptive rights that previously existed and, but for the agreement, no dispute about the loss of presumptive rights and designations would exist. *See id.* at 438-39. Moreover, the tort claims asserted in the lawsuit depended on the existence of the amended shareholders agreement, resolution of the case

involved the validity of that agreement, and the operative facts implicated the majority shareholders' authority to act pursuant to that agreement. *Id*. at 441.

CBRE's factual allegations for its contribution claim are based on City Wide's alleged breach of the duty of ordinary care that it owed to Vega, not to CBRE. CBRE's right to contribution from City Wide, if any, arises not from the contract but by operation of section 33.016 of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.016(b) ("Each liable defendant is entitled to contribution from each person who is not a settling person and who is liable to the claimant for a percentage of responsibility but from whom the claimant seeks no relief at the time of submission. A party may assert this contribution right against any such person as a contribution defendant in the claimant's action."). The resolution of CBRE's contribution claim does not arguably depend on the construction of the Service Agreement.

## Conclusion

On the record before us, City Wide has not established that the trial court abused its discretion in denying City Wide's motion to dismiss as to CBRE's negligence and contribution claims against City Wide, nor in denying City Wide's motion to dismiss Sonic's and Philpott's claims against City Wide. Accordingly, we deny the petition for a writ of mandamus.

PETITION DENIED.

PER CURIAM

Submitted on September 22, 2025
Opinion Delivered March 5, 2026

Before Johnson, Wright and Chambers, JJ.