**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00182-CV**
_____

**IN RE CURTIS ADAIR D/B/A CK TRUCKING**

_____

**Original Proceeding**
**258th District Court of San Jacinto County, Texas**
**Trial Cause No. CV14,958**
_____

**MEMORANDUM OPINION**

Relator Curtis Adair d/b/a CK Trucking filed a petition for a writ of mandamus and a motion for temporary relief in a wrongful death case. He complains that the trial court abused its discretion by granting Plaintiff's Motion to Exclude Evidence Regarding Plaintiff's Post-Accident Drug and Alcohol Tests and Motion to Exclude Defendant's Toxicology Expert. Adair argues the trial court's pretrial ruling hampers his presentation of a contributory negligence defense. In a response to Adair's motion for a stay of the trial, which is scheduled to begin July 19, 2021, the Real Parties in Interest, Troy Chapla and Kelly Maningas, Individually and as

1

Representatives of the Estate of Marley Chapla, argue that Adair unreasonably delayed seeking mandamus relief from the trial court's order of January 29, 2021, which Adair denied in his reply.

To prevail on a petition for mandamus, Adair must show that the trial court abused its discretion and he has no adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). "The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments." *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). "In evaluating benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss." *Id*. "These considerations implicate both public and private interests." *Prudential*, 148 S.W.3d at 136. We consider whether an irreversible waste of judicial and public resources would be required if mandamus does not issue. *In re Masonite Corp.*, 997 S.W.2d 194, 198 (Tex. 1999) (orig. proceeding).

Based on the record before us, we conclude Adair has not shown he lacks an adequate remedy by appeal. Accordingly, we deny the petition for a writ of mandamus and motion for temporary relief. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on July 14, 2021
Opinion Delivered July 15, 2021

Before Golemon, C.J., Horton and Johnson, JJ.

3