# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00725-CV

---

**Kimberly D. Hogan, Appellant**

**v.**

**XTO Energy Company CEO/President Randy Cleveland, and John Does 1-5, Appellees**

---

### FROM THE 26TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 23-2064-C26, THE HONORABLE BETSY F. LAMBETH, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Kimberly D. Hogan filed a notice of appeal from the district court's October 7, 2024 order denying Hogan's motion to reconsider transfer of venue as to her suit against appellees XTO Energy Company CEO/President Randy Cleveland, and John Does 1-5. Appellees then filed a motion to dismiss this appeal for lack of jurisdiction because an order granting a motion to transfer venue is not an appealable interlocutory order. *See* Tex. Civ. Prac. & Rem. Code § 15.064(a) (specifying that there is no interlocutory appeal from trial court's venue determination); Tex. R. Civ. P. 87(6) (prohibiting interlocutory appeal from trial court's determination of motion to transfer venue).

The Texas Supreme Court has recognized that under well-established law, "[n]o interlocutory appeals are permitted from the trial court's determination" of venue. *Fortenberry v. Great Divide Ins. Co.*, 664 S.W.3d 807, 811 (Tex. 2023); *In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) ("Once a trial court has ruled on proper venue, that decision cannot be the

subject of interlocutory appeal."); *accord Verdun Oil & Gas, LLC v. Quintanilla*, No. 04-21-00156-CV, 2021 WL 1894901, at *1 (Tex. App.—San Antonio May 12, 2021, pet. denied) (mem. op.) (noting that ruling on motion to transfer venue was not appealable, either when trial court originally made ruling or when it denied party's motion to reconsider prior venue ruling). "The only remedy afforded by the Legislature when a party loses a venue hearing is to proceed with trial in the transferee county and appeal any judgment from that court on the basis of alleged error in the venue ruling." *In re Team Rocket, L.P.*, 256 S.W.3d at 261; *see* Tex. Civ. Prac. & Rem. Code § 15.016 (requiring that case governed by "statute prescribing mandatory venue shall be brought in the county required by that statute").

Hogan filed a response to the appellees' motion to dismiss but has not demonstrated this Court's jurisdiction over her appeal from the district court's order denying her motion to reconsider transfer of venue. Thus, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Dismissed for Want of Jurisdiction

Filed: December 5, 2024

2