**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00137-CV**
_____

**IN RE PARENT'S CHOICE, LLC**

**Original Proceeding**
**284th District Court of Montgomery County, Texas**
**Trial Cause No. 25-01-00354**

**MEMORANDUM OPINION**

In a petition for a writ of mandamus, Relator Parent's Choice, LLC complains that the trial court abused its discretion by refusing to enforce a Stipulated Confidentiality Order and requiring Parent's Choice to produce various documents without a "confidential" designation. We stayed the trial court's Order Granting Motion to Compel and obtained a response from the Real Party in Interest, Theresa Johnson. We deny the petition for a writ of mandamus.

Background

Parent's Choice sued Johnson along with others including Julie Eilers, Steven Eilers, Jennifer M. Foerster, Haley Rice, Emily Foerster, and Hive Academy, LLC.

1

According to Relator Parent's Choice, Gigi Foerster and her late husband Richard formed Parent's Choice, LLC, which operates a day care facility for children. Johnson provided bookkeeping services for Parent's Choice. Until May 2024, Parent's Choice employed Gigi's daughter Julie Eilers, Julie's husband Steven Eilers, and Gigi's daughter Jennifer Foerster. In its trial court petition, Parent's Choice alleged that while they were employed as directors of Parent's Choice, Julie and Steven formed Hive Academy, LLC for the purpose of opening a competing business. Parent's Choice has alleged that in March 2024, Johnson transferred funds from Parent's Choice's bank account to the Eilers, and that without authority Johnson drafted, signed, and filed Public Information Reports designating the Eilers as Directors and Officers of Parent's Choice. Parent's Choice seeks a declaratory judgment that a document Parent's Choice refers to as "January 2019 Minutes" were ineffective to cause a transfer of any interest in the company to Julie Eilers. Parent's Choice seeks to recover from Johnson damages for fraud, fraudulent inducement, and constructive fraud, for breach of fiduciary duty and aiding and abetting breach of fiduciary duty, for breach of contract, for conversion and defalcation, and for conspiracy to defraud. Additional claims asserted by Parent's Choice against the Eilers and Hive include misappropriation of trade secrets and business disparagement.

## The Dispute

In a motion filed with the trial court, Parent's Choice admitted a series of inadvertent errors resulted in what it referred to as "sensitive business information and other confidential financial material that requires protection[]" being directly filed with the trial court instead of being electronically served on the defendants. Parent's Choice argued the information "should not have been filed at all[]" or at least should have been designated as containing confidential information so it would not be publicly available within the electronic filing system. Parent's Choice argued the Confidentiality Order provided that inadvertent or unintentional disclosure of confidential information shall not be deemed a waiver of any party's claim of confidentiality and it asked the trial court to permit it to withdraw the erroneously filed documents from the trial court's record, or alternatively to order the clerk to change the designation to "Confidential" in the electronic filing Document Access System. As alternative relief, Parent's Choice asked the trial court to enter a protective order directing all counsel and parties to protect the confidentiality of all the documents produced in reliance on the agreed Confidentiality Order. Parent's Choice argued good cause existed because the parties had previously acknowledged the information required confidentiality protection and continued public access potentially provided competitors with sensitive information that could be used to its disadvantage.

Arguing that Parent's Choice's repeated filing of the documents in the public record waived any confidentiality objection it might otherwise have possessed, Johnson moved to compel document production from Parent's Choice without any confidentiality objection or label. Johnson complained that 429 pages of documents were omitted from Parent's Choice's March 13, 2025, disclosures. In a separate filing, Johnson asserted, "Johnson had never agreed to the protective order as shown in Plaintiff's Rule 11 filing on March 31, 2025."

Parent's Choice asked the trial court to rule on its motion to enforce the Confidentiality Order before considering Johnson's motion to compel. Parent's Choice explained that it missed its document production deadline due to a delay in obtaining approvals for the Confidentiality Order. Parent's Choice asserted that, "On March 13, 2025, Plaintiff's counsel received approval from the final defense counsel, who happens to be counsel for Johnson[.]" It explained that 429 omitted pages had been omitted inadvertently from the disclosures Parent's Choice made after all parties stipulated to the Confidentiality Order.

Johnson replied that Parent's Choice waived any confidentiality objection by failing to object to any document production request on those grounds.

On April 11, 2025, the trial court granted Johnson's motion to compel document production. In the order, the trial court stated in part:

> there is no Protective Order in this case; a "joint stipulated confidentiality order" was filed, but did not include counsel for 2

4

defendants in that agreement, and later, on March 27 and 31, 2025, parties began revoking their agreements. With no Protective Order, designating documents confidential or attorney's eyes only is of no consequence.

On May 7, 2025, Parent's Choice filed a reply "to clarify for the Court that [Parent's Choice] is seeking to enforce what was an agreed protective order to enable open discovery." Parent's Choice explained it "is not attempting to withhold any documents from the parties in this case or asserting that the documents are privileged. This is not an issue of discoverability." Parent's Choice explained that the relevant documents include "financial records, tax returns, employee files, employee payroll records, and employees' personal identifiers, which should not be shared with the general public or used outside of these proceedings."

On May 9, 2025, the trial court signed an Order on "Motion to Withdraw Erroneously Filed Documents," as follows:

On May 09, 2025, the Court conducted a hearing on Plaintiff's "Motion to Withdraw Erroneously Filed Documents." Plaintiff's basic request is the same as that pending before the 9th District Court of Appeals, such that this Court lacks jurisdiction to consider it. The secondary request to remove documents from the public record is premature because the procedure in Texas Rule of Civil Procedure 76a has not been done. Finally, Plaintiffs requested a protective order given that none currently exists in this case. That last is a request this Court may consider, but not for correctly the production and filings made in the past in any event. It is, however:

ORDERED that the request for a protective order is DENIED.

5

## Mandamus Standard

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding).

"A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827 S.W.2d at 839 (internal quotations omitted). A trial court also abuses its discretion if it fails to correctly analyze or apply the law, because a trial court has no discretion in determining what the law is or in applying the law to the facts. *See Prudential*, 148 S.W.3d at 135; *Walker*, 827 S.W.2d at 840.

We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments, considering whether extending mandamus relief will preserve important substantive and procedural rights from impairment or loss. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). This balancing test is necessarily a fact-specific inquiry that "resists categorization[.]" *Prudential*, 148 S.W.3d at 136.

Parent's Choice argues the trial court abused its discretion by not enforcing the Confidentiality Order. It argues the Confidentiality Order constitutes a valid and enforceable stipulation between the parties—although the trial court never signed

it—because all counsel agreed to the order and all parties requested its entry in open court in the temporary injunction hearing. Counsel for Johnson—in the trial court and in this Court—denied that he agreed to the Confidentiality Order that Parent's Choice asked the trial court to sign in open court on March 14, 2025. In its April 11, 2025, order granting Johnson's motion to compel, the trial court found there was no agreed protective order. "In determining whether the trial court clearly abused its discretion, an appellate court may not substitute its judgment for the trial court's determination of factual or other matters committed to the trial court's discretion[.]" *In re State Farm Lloyds*, 520 S.W.3d 595, 604 (Tex. 2017) (orig. proceeding). The substance of any agreement between the lawyers and whether Johnson agreed to entry of the order that Parent's Choice proffered in the temporary injunction hearing were disputed issues of fact that the trial court resolved against Parent's Choice.

Texas Rule of Civil Procedure 193.3(d) does not apply here. *See* Tex. R. Civ. P. 193.3(d) (Privilege not waived by production). Parent's Choice admitted in the trial court—and repeated here—that Parent's Choice has not asserted a claim of privilege from disclosure to the opposing parties and it is not attempting to withhold any documents from the parties in this case or asserting that the documents are exempt from discovery.

To the extent that Parent's Choice is arguing that the trial court had a ministerial duty to protect inadvertently disclosed confidential information, in its

May 9, 2025, order the trial court explained that the request to remove documents from the public record was premature because the procedure in Texas Rule of Civil Procedure 76a had not been followed. Rule 76a provides procedures and standards for sealing court records. *HouseCanary, Inc. v. Title Source, Inc.*, 622 S.W.3d 254, 259-60 (Tex. 2021). Generally, under Rule 76a "court records" includes "all documents of any nature filed in connection with any matter before any civil court, except: (1) documents filed with a court in camera, solely for the purpose of obtaining a ruling on the discoverability of such documents[]" and "discovery, not filed of record, concerning matters that have a probable adverse effect upon the general public health or safety, or the administration of public office, or the operation of government, except discovery in cases originally initiated to preserve bona fide trade secrets or other intangible property rights." *See* Tex. R. Civ. P. 76a(2)(a)(1), (c). Unfiled discovery responses that do not meet the Rule 76a(2)(c) exception are not court records. *See Cortez v. Johnston*, 378 S.W.3d 468, 474 (Tex. App.—Texarkana 2012, pet. denied).

Whether documents are considered court records by the terms of Rule 76a is a threshold determination. *Gen. Tire, Inc. v. Kepple*, 970 S.W.2d 520, 524 (Tex. 1998). The trial court's May 9, 2025, order deferred answering that threshold question because Parent's Choice had not sought a ruling on the applicability of Rule 76a but had instead sought mandamus relief from the appellate court. Parent's

8

Choice does not ask this Court to compel the trial court to sign an appealable order pursuant to Rule 76a. *See* Tex. R. Civ. P. 76a(8).

We conclude that on this record the Relator has not shown that it is entitled to mandamus relief.[1] Accordingly, we lift our temporary stay order and deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a). The Real Party in Interest's motion for sanctions is denied.

PETITION DENIED.

PER CURIAM

Submitted on April 25, 2025
Opinion Delivered August 7, 2025

Before Johnson, Wright and Chambers, JJ.

---

[1] Because the issue has not been determined by the trial court and may arise in further proceedings, we express no opinion regarding whether a protective order is necessary to protect tax returns and sensitive information contained in documents produced in discovery or included in documents filed with the clerk. *See* Tex. R. Civ. P. 21c, 192.6(b).