**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-26-00189-CV**

_____

**IN RE MICHAEL A. SHOMATE AND BRIANNE K. SHOMATE**

_____

**Original Proceeding**
**284th District Court of Montgomery County, Texas**
**Trial Cause No. 25-08-13306**

_____

**MEMORANDUM OPINION**

In a petition for a writ of mandamus, Michael A. Shomate and Brianne K. Shomate seek to compel the trial court: (1) to vacate or reconsider an Order on Motions Related to Discovery and Abatement, signed March 27, 2026; (2) conduct an immediate pre-trial evidentiary sanctions hearing; (3) require Real Party in Interest Servis One, Inc. d/b/a BSI Financial Services "to produce and authenticate a complete, native or source-supported, reconciled accounting tied to BSI's internal servicing logs, and impose sanction[s] sufficient to cure the prejudice[;]" and (4) exclude "all undisclosed, typed-up, summary, or unreconciled accounting

1

evidence[.]" As temporary relief, Relators request a stay of the trial currently scheduled for June 1, 2026, and "all foreclosure-related trial-court proceedings[.]"

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). "A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827 S.W.2d at 839 (internal quotations omitted). A trial court also abuses its discretion if it fails to correctly analyze or apply the law, because a trial court has no discretion in determining what the law is or in applying the law to the facts. *See Prudential*, 148 S.W.3d at 135; *Walker*, 827 S.W.2d at 840.

We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments, considering whether extending mandamus relief will preserve important substantive and procedural rights from impairment or loss. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding).

We conclude that on this record, the Relators have not shown that they are entitled to mandamus relief. Accordingly, we deny the petition for a writ of

mandamus and the motion for temporary relief. *See* Tex. R. App. P. 52.8(a); 52.10(a).

PETITION DENIED.

PER CURIAM

Submitted on May 20, 2026
Opinion Delivered May 21, 2026

Before Golemon, C.J., Johnson and Wright, JJ.